1   Ryan Bakhtiari (SBN 199147)
    rbakhtiari@aol.com
2   **AIDIKOFF, UHL & BAKHTIARI**
    9454 Wilshire Boulevard, Suite 303
3   Beverly Hills, California 90212
    Telephone: (310) 274-0666
4   Telecopier: (310) 859-0513

5   (Additional Counsel Below)

6   Attorneys for Plaintiff and the Putative Class

7                    UNITED STATES DISTRICT COURT

8            FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                      SAN FRANCISCO DIVISION

10  JOY YOSHIOKA, on behalf of herself and )  Case No. CV 11 1625 EMC
    all others similarly situated,          )
11                                          )
                Plaintiff,                  )  **NOTICE OF MOTION AND MOTION FOR**
12                                          )  **(1) CONDITIONAL CERTIFICATION OF**
          vs.                               )  **SETTLEMENT CLASS; (2) PRELIMINARY**
13                                          )  **APPROVAL OF PROPOSED CLASS ACTION**
                                            )  **SETTLEMENT; (3) APPROVAL OF CLASS**
    THE CHARLES SCHWAB                      )  **NOTICE; (4) SETTING FINAL APPROVAL**
14  CORPORATION, SCHWAB HOLDINGS,           )  **HEARING DATE; (5) SETTING DATE FOR**
    INC. AND CHARLES SCHWAB & CO.,          )  **THE FILING OF ANY OBJECTIONS TO THE**
15  INC.,                                   )  **SETTLEMENT; AND (6) APPOINTING**
                                            )  **CLASS COUNSEL; MEMORANDUM IN**
16              Defendants.                 )  **SUPPORT OF MOTION**
                                            )
17                                          )  Date:        September 2, 2011
                                            )  Time:        1:30 PM
18                                          )  Courtroom: 5
                                            )  Judge:       Hon. Edward M. Chen
19  _____     )

20

21

22

23

24

25

26

27

28

1

2

# TABLE OF CONTENTS

3

I.      INTRODUCTION ................................................................................. 2

II.     STATEMENT OF THE FACTS ............................................................ 4

        A.      Factual Background ................................................................. 4

        B.      Procedural History .................................................................. 5

III.    THE PROPOSED SETTLEMENT ....................................................... 6

        A.      Settlement Class ...................................................................... 6

        B.      Amendment Relief ................................................................... 7

        C.      Notice Process ......................................................................... 7

        D.      Attorneys' Fees And Costs ..................................................... 8

        E.      Named Plaintiff's Incentive Award ........................................ 9

        F.      Release of Claims ................................................................... 9

IV.     PRELIMINARY APPROVAL OF THE SETTLEMENT AND
        CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS ............... 9

        A.      Settlement And Class Action Approval Process ..................... 9

        B.      The Criteria For Class Certification Are Satisfied .................. 11

        C.      Rule 23(g) Is Satisfied And Plaintiff's Counsel Should Be
                Appointed As Class Counsel .................................................. 15

        D.      The Criteria For Settlement Approval Are Satisfied ............... 16

        E.      Conditional Certification Of The Settlement Class Is Appropriate ......... 18

        F.      Notice ..................................................................................... 19

        G.      Scheduling A Final Approval Hearing Is Appropriate ............ 21

V.      CONCLUSION ................................................................................. 22

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TABLE OF AUTHORITIES**

**CASES**

*Amchem Prods. Inc. v. Windsor*, 521 U.S. 591 (1997) .......................................................... 12, 19

*Armstrong v. Davis,* 275 F.3d 849, 869 (9th Cir. 2001) ...................................................... 13

*Barnes v. AT & T Pension Benefit Plan,* 270 F.R.D. 488, 493,n 2 (N.D. Cal. 2011) ................. 12

*Blackie v. Barrack,* 524 F.2d 891, 901 (9th Cir. 1975).......................................................... 13

*Breeden v. Benchmark Lending Group,* 229 F.R.D 623, 630 (N.D. Cal. 2005) .......................... 12

*Chun-Hoon v. McKee Foods Corp.*, 2009 WL 3349549, at *2 (N.D. Cal. Oct. 15, 2009 ............................................................................................................................... 11

*Churchill Village, LLC v. General Electric Co.,* 361 F.3d 566, 576 (9th Cir. 2004) ................. 10

*City of Seattle*, 955 F.2d at 1276 ........................................................................................ 11, 16

*Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992)................................. 10

*Doesier v. Miami Valley broad. Corp.*, 656 F.2d 1295, 1299 (9th Cir. 1981)............................ 20

*Eisen v. Carlisle & Jacquelin*, 417 U.S. 156 (1974) .............................................................................................................. 20

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998)............................................. 12

*Hanlon*, 150 F.3d at 1027 ................................................................................................... 17

*Hanon v. Dataproducts Corp.,* 976 F.2d 497, 508 (9th Cir. 1992)........................................... 13

*Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978) ........................... 14

*Mace v. Van Ru Credit Corp.*, 109 F.3d 338 (7th Cir. 1997).............................................................................................. 19

*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950)............................................................................................................ 20

*Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985)......................................................... 20

*Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 965 (9th Cir. 2009) .................................... 11

*Staton Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003) .......................................................... 14

*Walters v. Reno*, 145 F.3d 1032, 1047 (9th Cir. 1998) .......................................................... 15

*Wang v. Chinese Daily News, Inc.*, No. 04-cv-1498-CBM (JWJX), 2006 WL 1663633, at *1 (C.D. Cal. June 7, 2006)............................................................................. 20

*Xiufang Situ v. Leavitt*, 240 F.R.D. 551, 562 (N.D. Cal. 2007) ................................................ 15

**STATUTES**

26 U.S.C. § 4975 ............................................................................................................... 4, 7

28 U.S.C. 1715 .................................................................................................................... 21

28 U.S.C. 1715(b) ............................................................................................................... 21

Cal. Bus. & Prof. Code § 17200 .......................................................................................... 5

Cal. Civ. Code § 1770(a)(19) ............................................................................................... 5

Cal. Civ. Code § 1782(a)(2)................................................................................................. 5

Cal. Civ. Code § 1761(b) .................................................................................... 13

Fed. R. Civ. P. 23(a) ........................................................................................... 12

Fed. R. Civ. P. 23(a)(1) ....................................................................................... 12

Fed. R. Civ. P. 23(a)(2) ....................................................................................... 12

Fed. R. Civ. P. 23(a)(3) ....................................................................................... 13

Fed. R. Civ. P. 23(a)(4) ....................................................................................... 14

Fed. R. Civ. P. 23(b)(2) ............................................................................ 15, 20, 23

Fed. R. Civ. P. 23(e) ...................................................................................... 11, 22

Fed. R. Civ. P. 23(g)(1)(A) .................................................................................. 16

## TREATISES

*Manual for Compl. Lit.* § 21.312 ........................................................................ 20

*Manual for Compl. Lit.* at § 30.44 (1985) ........................................................... 11

*Manual for Compl. Lit.*, at § 21.63 ..................................................................... 10

*Manual for Compl. Lit.*, at §§ 13.14, 21.632 ...................................................... 11

*Manual for Compl. Lit.*, at §§ 21.632, 21.633 .................................................... 19

*Newberg on Class Actions,* § 4:11 (4th ed. 2010) ......................................... 10,15

*Newberg on Class Actions,* § 4:11 at 56 (4th ed. 2010) ...................................... 15

*Newberg on Class Actions*, § 11:25 .............................................................. 10, 16

*Newberg on Class Actions*, § 11:41 (4th ed.) ..................................................... 17

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on September 2, 2011, at 1:30 p.m. or as soon thereafter as the matter can be heard, before the Honorable Edward M. Chen, United States District Court, San Francisco, California, Plaintiff Joy Yoshioka ("Plaintiff"), on behalf of herself and all others similarly situated, will and hereby does move for an order: (1) granting conditional certification of the Settlement Class as defined in the Stipulation of Settlement and authorization for Plaintiff's counsel to represent the Settlement Class; (2) granting preliminary approval of the proposed class action settlement set forth in the Stipulation of Settlement between Plaintiff and Defendants The Charles Schwab Corporation, Schwab Holdings, Inc. and Charles Schwab & Co., Inc. (collectively "Defendants" or "Schwab"); (3) approving and directing that notice of the pendency and proposed settlement of the class action be sent to the members of the Settlement Class as set forth in the Stipulation of Settlement; (4) scheduling a hearing for final approval of the proposed class action settlement set forth in the Stipulation of Settlement ("Final Approval Hearing"); (5) setting a deadline of three weeks prior to the Final Approval Hearing for members of the Settlement Class to file and serve on Plaintiff's Counsel any written objections to the proposed settlement; and (6) appointing Plaintiff's Counsel as counsel for the Settlement Class. Defendants do not oppose this Motion.

For the reasons set forth in greater detail in the following Memorandum of Points and Authorities, Plaintiff respectfully submits that the Court should:

1. Conditionally certify, for settlement purposes only, and authorize Plaintiff to represent, a settlement class consisting of all persons who currently hold or formerly held a Schwab IRA account at any time from January 1, 2005 to the date of final judgment in this action, excluding Defendants and any entity in which any Defendant has or had a controlling interest or that is a parent or subsidiary or is controlled by any Defendant ("Settlement Class"), because the proposed Settlement Class satisfies the requirements of Rules 23(a), (b), and (e) of the Federal Rules of Civil Procedure;

2. Preliminarily find that the proposed settlement set forth in the Stipulation of Settlement is fair, reasonable and in the best interests of the proposed Settlement Class, and that it

1    warrants notifying the members of the Settlement Class of the terms of the proposed settlement

2    and their rights in connection with the proposed settlement;

3           3.     Approve as to form and content the Notice of Pendency and Proposed Settlement of

4    Class Action ("Notice of Pendency and Proposed Settlement"), substantially in the form set forth

5    in Exhibit A-1 to the Stipulation of Settlement, and direct that the Notice of Pendency and

6    Proposed Settlement be sent by Defendants to the members of the Settlement Class on or before

7    October 20, 2011, in the manner described in Part III, paragraph 4.1 of the Stipulation of

8    Settlement;

9           4.     Set a date for the Final Approval Hearing for _____ __, 2011 at ___

10    a.m./p.m., to approve the proposed settlement and its terms as set forth in the Stipulation of

11    Settlement;

12           5.     Set a deadline of three weeks prior to the Final Approval Hearing for members of the

13    Settlement Class to file with the Court and serve on Plaintiff's Counsel any written objections to

14    the proposed settlement and its terms set forth in the Stipulation of Settlement; and

15           6.     Appoint Plaintiff's Counsel as counsel for the Settlement Class.

16       This Motion is based on this Notice of Motion and the following Memorandum of Points

17    and Authorities; the Declaration of Ryan Bakhtiari in support of the Motion and all supporting

18    exhibits; the Stipulation of Settlement, to which is attached as Exhibit A the [Proposed] Order

19    Preliminarily Approving Settlement and Providing for Notice, as Exhibit A-1 the Notice of

20    Pendency and Proposed Settlement of Class Action, and as Exhibit B the [Proposed] Final

21    Judgment and Order of Dismissal with Prejudice; such other documents, pleadings, and papers on

22    file in this action; and any further evidence and/or arguments as may be presented at the hearing

23    on this Motion.

24                                **MEMORANDUM IN SUPPORT OF MOTION**

25    **I.**      <u>**INTRODUCTION**</u>

26       Plaintiff respectfully submits for the Court's preliminary consideration a proposed class

27    action settlement with Defendants The Charles Schwab Corporation, Schwab Holdings, Inc. and

28

1   Charles Schwab & Co., Inc. (collectively "Defendants" or "Schwab")[1] that resolves the claims

2   asserted in Plaintiff's Complaint.

3          Plaintiff Joy Yoshioka filed this action on behalf of herself and all others similarly

4   situated on April 4, 2011, alleging claims for violations of the California Consumer Legal

5   Remedies Act, California's Unfair Competition Law, breach of contract, breach of fiduciary duty

6   and declaratory relief on behalf of a class of all current holders of Individual Retirement Accounts

7   ("IRA") with Defendants.  Plaintiff alleges that certain provisions of Defendant's IRA account

8   agreements caused prohibited transactions under IRS regulations and thereby caused the IRAs to

9   lose their tax exempt status. Defendants deny Plaintiff's allegations and point out that the key

10  provision on which the Complaint relies was deleted by Schwab as of December 31, 2010, and

11  the Schwab IRA Plan contains language that protects against the occurrence of the alleged

12  prohibited transactions.

13         On June 15, 2011, the parties entered into settlement negotiations with Randall Wulff, an

14  experienced and well-known mediator, that culminated with execution of an initial Stipulation of

15  Settlement on June 15, 2011 (that did not address attorneys' fees and expenses or an incentive fee

16  for Plaintiff), and a final Stipulation of Settlement on July 25, 2011 (including provisions for

17  attorneys' fees and expenses and an incentive fee for Plaintiff).  As detailed below, the Settlement

18  provides for amended IRA account language that Plaintiff sought in bringing this suit.  Schwab

19  has agreed to revise its IRA account agreements to void *any* alleged offending language effective

20  retroactive to the first date on which the IRA account agreement was entered into between

21  Schwab and the Settlement Class Member.  Accordingly, the Settlement provides for immediate

22  and meaningful relief to Class Members.

23         The parties also negotiated a comprehensive notice program that will maximize the

24  likelihood that Class Members will be notified about the proposed settlement.  Schwab will

25  deliver a detailed and easy-to-read Notice of Pendency and Proposed Settlement ("Notice of

26  _____

27  [1]All capitalized terms found in this memorandum are defined in the Stipulation of Settlement
    attached as Exhibit A to the Declaration of Ryan Bakhtiari in Support of the Motion for
    Preliminary Approval of the Class Action Settlement ("Bakhtiari Dec.").

28

1   Settlement") in a regularly scheduled electronic and/or mail delivery to current IRA account

2   holders and send the Notice of Settlement to the last electronic or mailing address known for

3   former Schwab IRA account holders who are Members of the Settlement Class.

4        Plaintiff's Counsel are experienced class action attorneys, and believe that the Stipulation

5   of Settlement is fair, reasonable, and adequate and represents meaningful relief based on the risks

6   of establishing class certification and liability and damages at trial on the claims as set forth in the

7   Complaint.  Bakhtiari Dec. at ¶ 8.  Accordingly, Plaintiff and her counsel respectfully request that

8   this Court review the parties' Stipulation of Settlement and other materials provided, and enter an

9   order:  (1) granting conditional certification of the Settlement Class as defined in the Stipulation

10   of Settlement and authorization for Plaintiff's Counsel to represent the Settlement Class; (2)

11   granting preliminary approval of the proposed settlement set forth in the Stipulation of Settlement

12   between Plaintiff and Defendants; (3) approving and directing that Notice of the Settlement be

13   sent to the Members of the Settlement Class as set forth in the Stipulation of Settlement; (4)

14   scheduling a hearing for final approval of the proposed class action settlement set forth in the

15   Stipulation of Settlement ("Final Approval Hearing"); (5) setting a deadline of three weeks prior

16   to the Final Approval Hearing for Members of the Settlement Class to file and serve on Plaintiff's

17   Counsel any written objections to the proposed settlement; and (6) appointing Plaintiff's Counsel

18   as counsel for the Settlement Class.  Defendants do not oppose this Motion.

19   **II.**    **STATEMENT OF THE FACTS**

20       **A.**    **Factual Background**

21        Plaintiff Joy Yoshioka filed this case on behalf of herself and all other similarly situated

22   individuals.   Plaintiff alleged that her Schwab IRA account agreement and the account

23   agreements for all Settlement Class Members contained provisions that created liens and security

24   interests in the assets in the IRA and other investment accounts of the IRA holder, in favor of

25   Defendants.  *See* Complaint ¶¶8-17 (identifying paragraphs 6 and 7 of Plaintiff's IRA account

26   agreement as the problematic provisions).  Plaintiff alleges that these provisions caused the IRA

27   accounts to lose their tax exempt status under 26 U.S.C. § 4975 of the Internal Revenue Code.

28        Defendants have denied and continue to deny each and all of the claims and contentions

1    alleged by Plaintiff in the litigation.  Defendants expressly have denied and continue to deny all

2    charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts

3    or omissions alleged, or that could have been alleged, in the litigation.  Defendants further deny

4    that the Plaintiff or the Settlement Class have suffered damages, that any disputed IRA account

5    agreement provisions caused a prohibited transaction, and that Plaintiff or Members of the

6    Settlement Class were harmed by the conduct alleged in the Complaint.  Defendants presented

7    evidence to Plaintiff's Counsel that as of December 31, 2010, Defendants had deleted the key

8    allegedly offending provision (paragraph 7) from the account agreements and that the IRA Plan

9    protected against a prohibited transaction.  Defendant Charles Schwab & Co., Inc. represented to

10   Plaintiff's Counsel that it served as custodian for 4,025,139 IRA accounts and that these accounts

11   collectively contained $384,647,094,213 in assets. Bakhtiari Dec. at ¶4.

12              **B.**    **Procedural History**

13        On April 4, 2011, Plaintiff filed a Class Action Complaint against Defendants, alleging

14   claims for violations of the California Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code

15   § 1770(a)(19), California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, breach of

16   contract, breach of fiduciary duty and declaratory relief on behalf of a class of all current holders

17   of IRA accounts with Defendants.

18        Prior to filing the Complaint, Plaintiff sent a CLRA demand letter pursuant to Cal. Civ.

19   Code § 1782(a)(2).  After receiving this letter, Schwab's counsel sent a reply letter, contacted

20   Plaintiff's Counsel and began to meet and confer with Plaintiff's Counsel with respect to the

21   allegations in Plaintiff's Complaint.  Schwab's counsel informed Plaintiff's Counsel of certain

22   changes Schwab had made on December 31, 2010 to its IRA account agreements prior to

23   receiving the CLRA demand letter and Plaintiff's counsel expressed their outstanding concerns

24   with the language of the agreements.  The parties then began to engage in informal discovery.  At

25   Plaintiff's Counsel's request, Schwab provided Plaintiff's Counsel with (1) documentation of the

26   number of IRA accounts custodied at Schwab and the amount of assets in those accounts; (2)

27   Schwab's IRA account agreement forms for the past five years; (3) confirmation that Schwab

28   never debited an IRA to satisfy a debt from another non-IRA account; and (4) confirmation that

1   creditors had not utilized the alleged offending language as part of a garnishment, attachment, or

2   execution.  Schwab responded to these requests and the parties agreed to engage in mediation.

3   On May 9, 2011, the parties filed a joint stipulation requesting that the Court stay all pending

4   deadlines and the proceedings pending mediation.  [Dkt. 10].  This stipulation was signed by the

5   Court on May 24, 2011.  [Dkt. 16].

6        On June 15, 2011, the parties conducted their mediation with esteemed mediator Randall

7   Wulff of Wulff, Quinby & Sochynsky in Oakland, California and reached an agreement on the

8   key terms of the settlement that same day.  Bakhtiari Dec. ¶ 5.  Informal discovery between the

9   parties prior to the mediation allowed Plaintiff's Counsel to enter into the Stipulation of

10  Settlement on a fully informed basis on June 15, 2011.  *Id.*  In the following weeks, after the

11  substantive terms of the settlement had already been reached and the original Stipulation of

12  Settlement executed, the parties arrived upon a negotiated agreement on attorneys' fees and

13  expenses and an incentive award for Plaintiff Joy Yoshioka.  *Id* at ¶ 6.

14       On July 14, 2011, the parties informed the Court that they had reached an agreement to

15  settle and jointly requested that the Court toll all pending deadlines and stay the proceedings.

16  [Dkt. 19].  The parties also informed the Court that they would file this Motion for Preliminary

17  Approval by July 29, 2011.  *Id.*  The final Stipulation of Settlement was finalized and executed by

18  the parties on or about July 25, 2010.

19  **III.   THE PROPOSED SETTLEMENT**

20       The Settlement's details are contained in the Stipulation of Settlement signed by the

21  parties, a copy of which is attached as Exhibit A to the Declaration of Ryan Bakhtiari In Support

22  of Plaintiff's Motion for Preliminary Approval of Class Action Settlement.  The Stipulation of

23  Settlement's terms are summarized as follows.

24       **A.     Settlement Class**

25       The "Settlement Class" means, and shall include, all Persons who currently hold or

26  formerly held a Schwab IRA account at any time from January 1, 2005 to the date of Final

27  Judgment.  *See* Ex. A at ¶ 1.18.  Excluded from the Settlement Class are Defendants and any

28  entity in which any Defendant has or had a controlling interest or that is a parent or subsidiary or

1    is controlled by any Defendant.  *See id.*

2        **B.    Amendment Relief**

3        As discussed above, Plaintiff's Complaint focuses on language in Schwab's IRA account

4    agreements that allegedly caused the IRA accounts to lose their tax exempt status under 26 U.S.C.

5    § 4975.   The relief provided to the Settlement Class addresses the core of the Complaint by

6    declaring these contested provisions null and void to the extent they can be interpreted as

7    inconsistent with the Schwab IRA Plan and Sections 408 or 4975 of the Internal Revenue Code.

8    Under the terms of the Schwab IRA Plan, Schwab is permitted to make retroactive amendments

9    to the Plan, account agreement and related agreements to conform to applicable law, regulation or

10   ruling, and Schwab and each IRA account holder are permitted to make amendments by

11   agreement.   Specifically, under the terms of the Stipulation of Settlement, the Members of the

12   Settlement Class and Schwab agree that Schwab will amend the IRA account agreement of all

13   Members of the Settlement Class by adding the following provision:

14                Any language in this Account Agreement or related agreements that
              may conflict or be inconsistent with the Plan, including without
15            limitation Sections 5.2 or 5.8 of the Plan, or Sections 408 or 4975 of
              the Internal Revenue Code, and the regulations thereunder, shall be
16            interpreted to be consistent and in compliance with the Plan and those
              Sections of the Code and regulations thereunder. To the extent it is not
17            possible to interpret such language to be consistent and compliant with
              the Plan or these Code provisions and regulations, then such language
18            shall be of no force or effect to the extent of such inconsistency or
              noncompliance.  This Section shall be effective retroactive to the first
19            date on which the agreement concerning the Schwab IRA was entered
              into by the Account Holder. Ex. A at ¶ 2.1.
20

21       The amendment to the IRA account agreement will be deemed an amendment from the

22   time each Settlement Class Member entered into such account agreements with Schwab.  *See id.*

23   Schwab will send this amendment to all current Schwab IRA account holders no later than ninety

24   (90) days after the Judgment becomes Final.   *See id.*   Plaintiff's Counsel believes that this

25   amendment achieves the primary objective of the instant action.

26       **C.    Notice Process**

27       As set forth in the Stipulation of Settlement, Defendants have agreed to pay for and send

28   the Notice of Settlement to all Class Members by October 20, 2011.  The Notice of Settlement

1    will be sent to current Schwab account holders who are Members of the Settlement Class in a

2    regularly scheduled electronic and/or mail delivery by Defendants (e.g., with account holders'

3    statements, amendments and other notices from Defendants) and to the last electronic or mailing

4    address known to Defendants for former Schwab account holders who are Members of the

5    Settlement Class, in the form of Exhibit A-1 to the Stipulation of Settlement.  *See* Ex. A ¶ 4.1.

6    Plaintiff's Counsel negotiated, reviewed and approved the form of notice and the method of

7    notice distribution described in the Stipulation of Settlement.

8         The Notice of Settlement shall include (1) the general terms of the Settlement set forth in

9    the Stipulation of Settlement, (2) the date of the Final Approval Hearing, (3) a website link or

10   address prepared and maintained with frequently asked questions about this Settlement and a link

11   to the Stipulation of Settlement; and (4) a toll free number for Settlement Class Members to call

12   and engage in conversations with live trained operators who will be able to answer questions

13   about the Settlement.[2]  *See id.* The Notice of Settlement will also apprise Class Members of their

14   rights to object to and comment on the Settlement.

15   ### D.    Attorneys' Fees And Costs

16        Defendants have agreed that they will not object to an application (the "Fee and Expense

17   Application") by Plaintiff's Counsel to the Court for an award of attorneys' fees and expenses in

18   an amount of no more than $500,000, in instituting, prosecuting and resolving this litigation.

19   Plaintiff's Counsel did not negotiate fees until after reaching an agreement upon the substantive

20   terms of the settlement.  Bakhtiari Dec. ¶6.  No other agreement exists between the parties as to

21   the payment of attorneys' fees and costs.  *Id.*

22        The Fee and Expense Application by Plaintiff's Counsel will be considered by the Court

23   separately from the Court's consideration of the fairness, reasonableness and adequacy of the

24   ───────────────

[2]In order to maintain the transparency of the Settlement Class's response to the proposed
25   Stipulation of Settlement, "Schwab shall maintain a record of the number and nature of the calls
to the toll free number and provide access to Plaintiff's Counsel to that record.  Should Plaintiff's
26   Counsel reasonably request additional details about the calls, Schwab will make reasonable
efforts to comply with that request."  *See* Ex. A. at ¶ 4.1.  Defendants shall classify the nature of
27   the calls by their type (e.g. (1) substance of the lawsuit; (2) substance of the settlement; (3) who is
in the class; (4) caller supports the settlement; (5) class opposes the settlement; and (6) other).

28

1  Settlement.  Furthermore, any order or proceeding relating to the Fee and Expense Application, or

2  any appeal from any order relating thereto or reversal or modification thereof, will not affect or

3  delay the finality of this Settlement.  *See* Ex. A at ¶ 7.3.

4            **E.**      **Named Plaintiff's Incentive Award**

5        In recognition of the time and effort Plaintiff Joy Yoshioka expended in pursuing the

6  lawsuit and in fulfilling her obligations and responsibilities as putative class representative, and of

7  the benefits conferred on all of the Class Members by the Settlement, Plaintiff's Counsel will ask

8  the Court to make an incentive award to Plaintiff Joy Yoshioka in the amount of $5,000 to which

9  Defendants agree to not object.

10        The application for an incentive fee award for Plaintiff will be considered by the Court

11  separately from the Court's consideration of the fairness, reasonableness and adequacy of the

12  Settlement.  *See* Ex. A. at ¶ 7.3.  Furthermore, any order or proceeding relating to the award of an

13  incentive fee for Plaintiff, or any appeal from any order relating thereto or reversal or

14  modification thereof, will not affect or delay the finality of the Settlement.  *See id.*

15            **F.**      **Release of Claims**

16        In exchange for all of the aforementioned benefits provided by Schwab under the terms of

17  the Stipulation of Settlement, Plaintiff and Members of the Settlement Class will fully release

18  Schwab from all claims that relate to the instant action.  *See* Ex. A at ¶ 1.14 (providing a fuller

19  definition of those claims released pursuant to the Stipulation of Settlement reached between the

20  parties).

21  **IV.**    **PRELIMINARY APPROVAL OF THE SETTLEMENT AND CONDITIONAL
        CERTIFICATION OF THE SETTLEMENT CLASS**

22

23            **A.**      **Settlement And Class Action Approval Process**

24        Settlement of this action will benefit millions of Schwab IRA account holders by

25  declaring null and void any provisions that allegedly could have caused a prohibited transaction

26  in their IRA accounts which would have resulted in those accounts losing their tax-exempt status.

27  The parties have worked diligently to reach this compromise.  It is reasonable and provides

28  important relief to the Settlement Class.

Moreover, as a matter of "express public policy," federal courts strongly favor and encourage settlements, particularly in class actions and other complex matters, where the inherent costs, delays, and risks of continued litigation might otherwise overwhelm any potential benefit the class could hope to obtain. *See, e.g., Churchill Village, LLC v. General Electric Co.,* 361 F.3d 566, 576 (9th Cir. 2004); *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992) (noting that "strong judicial policy . . . favors settlements, particularly where complex class action litigation is concerned"); *see also* 4 *Newberg on Class Actions* § 11.41 (4th ed. 2002) (citing cases). The traditional means for handling claims like those at issue here—individual litigation— would unduly burden the court system, require a massive expenditure of public and private resources, and given the relatively small value of the claims of the individual Class Members, would be impracticable. The proposed Settlement therefore is the best vehicle for Class Members to receive the relief to which they are entitled in a prompt and efficient manner.

The *Manual for Complex Litigation* describes a three-step procedure for approval of class action settlements:

(1) Preliminary approval of the proposed settlement at an informal hearing;
(2) Dissemination of mailed and/or published notice of the settlement to all affected class members; and
(3) A "formal fairness hearing" or final settlement approval hearing, at which class members may be heard regarding the settlement, and at which evidence and argument concerning the fairness, adequacy, and reasonableness of the settlement may be presented.

*Manual for Compl. Lit.*, at § 21.63. This procedure, used by courts in this Circuit and endorsed by class action commentator Prof. Newberg, safeguards class members' due process rights and enables the court to fulfill its role as the guardian of class interests. 4 *Newberg* § 11:25.

With this Motion, Plaintiff requests that the Court take the first step in the settlement approval process by granting preliminary approval of the proposed Settlement and Notice to the Class. The purpose of preliminary evaluation of proposed class action settlements is to determine whether the settlement is within the "range of reasonableness," and thus whether notice to the class of the settlement's terms and the scheduling of a formal fairness hearing is worthwhile. *Id.* The decision to approve or reject a proposed settlement is committed to the Court's sound

discretion.  *See City of Seattle*, 955 F.2d at 1276 (in context of class action settlement, appellate court cannot "substitute [its] notions of fairness for those of the [trial] judge and the parties to the agreement," and will reverse only upon strong showing of abuse of discretion).

The Court's grant of preliminary approval will allow all Class Members to receive notice of the proposed Settlement's terms and the date and time of the "formal fairness hearing," or Final Approval Hearing, at which Class Members may be heard regarding the Settlement, and at which further evidence and argument concerning the fairness, adequacy, and reasonableness of the Settlement may be presented.  *See Manual for Compl. Lit.*, at §§ 13.14, 21.632.  Although the parties have requested a hearing with oral argument, neither formal notice nor a hearing is required at the preliminary approval stage; the Court may grant such relief upon an informal application by the settling parties, and may conduct any necessary hearing in court or in chambers, at the Court's discretion.  *Id.* at § 13.14.

"[I]f the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval, then the court should direct that notice be given to the class members of a formal fairness hearing."  *Chun-Hoon v. McKee Foods Corp.*, 2009 WL 3349549, at *2 (N.D. Cal. Oct. 15, 2009 (citing *Manual for Compl. Lit.* at § 30.44 (1985)).  In fact, the Ninth Circuit has repeatedly ruled that the courts "put a good deal of stock in [class settlements that are] the product of arms-length, non-collusive, negotiated resolution."  *Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 965 (9th Cir. 2009).  Here, the Settlement was negotiated by reputable counsel, at arms-length, before esteemed mediator Randall Wulff.  Bakhtiari Dec. at ¶5.  Accordingly, the presumption for approval should be applied to this Settlement.

## B.      The Criteria For Class Certification Are Satisfied

Before granting preliminary approval of a settlement, the Court must determine that the proposed Settlement Class is a proper class for settlement purposes.  *See generally* Fed. R. Civ. P. 23(e).  All criteria for certification of a class for litigation purposes, except manageability, apply to certification for settlement purposes.  *See Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 620

1   (1997).   Courts routinely and properly certify classes for settlement purposes only and the

2   proposed certification of the Settlement Class here is entirely consistent with the applicable

3   authorities.  *Id.* at 619-29.  For the purposes of this Settlement, and subject to approval by the

4   Court, the parties have agreed that the Settlement Class shall be certified pursuant to Rules 23(a

5   and 23(b)(2).  *See* Ex. A at ¶ 3.1.

6   1.      The Elements of Fed. R. Civ. P. 23(a) are satisfied

7          Rule 23(a) requires that: (1) the putative class be so numerous that joinder of all members

8   is impractical; (2) questions of law or fact are common to the class; (3) the class representative's

9   claims or defenses are typical of the claims or defenses of the class; and (4) the representative

10   parties will fairly and adequately protect the interests of the class.  Fed. R. Civ. P. 23(a).  A class

11   should be certified where the movant satisfies these requirements and one or more of the

12   requirements of Rule 23(b).  This action satisfies all of the requirements of Rule 23(a), as well as

13   those of Rule 23(b)(2).

14   a.      Rule 23(a)(1)-Numerosity

15          Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is

16   impracticable."  Fed. R. Civ. P. 23(a)(1).  "As a general rule, classes numbering greater than forty

17   individuals satisfy the numerosity requirement."  *Barnes v. AT & T Pension Benefit Plan,* 270

18   F.R.D. 488, 493,n 2 (N.D. Cal. 2011); *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019

19   (9th Cir. 1998) ("The prerequisite of numerosity is discharged if the class is so large that joinder

20   of all members is impracticable.") (internal quotation and citation omitted).

21          As of December 31, 2010, Defendants acted as custodian for 4,025,139 IRA accounts.

22   Bakhtiari Dec. ¶4.  Thus, the numerosity requirement easily is met.

23   b.      Rule 23(a)(2)-Commonality

24          Rule 23(a)(2) requires that "questions of law or fact common to the class" must exist.

25   Fed. R. Civ. P. 23(a)(2).  "This requirement has been given a permissive interpretation, and '[a]ll

26   questions of fact and law need not be common to satisfy the rule."  *Breeden v. Benchmark*

27   *Lending Group,* 229 F.R.D 623, 630 (N.D. Cal. 2005), *quoting Hanlon,* 150 F.3d at 1019.

28

1  Commonality can be established by showing "that the class is united by a common interest." *See*

2  *Blackie v. Barrack,* 524 F.2d 891, 901 (9th Cir. 1975).

3  In the present case, the Settlement involves the same IRA account agreements entered into

4  between Schwab and all Class Members with substantially similar or identical provisions.  These

5  substantially similar or identical provisions raise several of the same legal questions, including,

6  but not limited to:  (1) whether or not the "security interest in and lien on" language in paragraph

7  7 of the IRA account agreement and the "Payment of Indebtedness" paragraph 6 quoted in the

8  Complaint, *see* Complaint ¶¶ 8, 15, caused a prohibited transaction in the Class Members' IRA

9  accounts; (2) whether Schwab provided "services" to Plaintiff as defined under Cal. Civ. Code

10 §1761(b); (3) whether Schwab owed a fiduciary duty to Plaintiff or the Members of the

11 Settlement Class when the agreement was entered into; (4) whether Plaintiff or the Settlement

12 Class suffered any damages as a result of the IRA account agreements' disputed provisions; and

13 (5) whether Class Members are entitled to monetary recovery, restitution, or injunctive relief, and

14 the proper nature, extent, and measure of such relief.  For all of these reasons, the commonality

15 requirement is satisfied.

16 c.       Rule 23(a)(3)-Typicality

17 Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical

18 of the claims or defenses of the class."  Fed. R. Civ. P. 23(a)(3).  The test "is whether other

19 members have the same or similar injury, whether the action is based on conduct which is not

20 unique to the named plaintiffs, and whether other class members have been injured by the same

21 course of conduct."  *Hanon v. Dataproducts Corp.,* 976 F.2d 497, 508 (9th Cir. 1992).

22 Differences that may exist in the amount of injury suffered by each class member do not render

23 plaintiffs' claims atypical.  *See Armstrong v. Davis,* 275 F.3d 849, 869 (9th Cir. 2001) (abrogated

24 on other grounds).

25 In the present case, Schwab and Plaintiff Joy Yoshioka entered into an IRA account

26 agreement with virtually the same contractual provisions that every other Settlement Class

27 Member entered into with Schwab.  It is from these same contractual provisions that all of

28

1    Plaintiffs' claims and the claims of the proposed Class Members arise.  Thus, the typicality

2    requirement is met.

3                                    d.       Rule 23(a)(4)-Adequacy

4           Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect

5    the interests of the class."  Fed. R. Civ. P. 23(a)(4).  There are two main considerations for the

6    adequacy requirement.  "First, the named representatives must appear able to prosecute the action

7    vigorously through qualified counsel, and second, the representatives must not have antagonistic

8    or conflicting interests with the unnamed members of the class."  *Lerwill v. Inflight Motion*

9    *Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978); *see also Staton Boeing Co.*, 327 F.3d 938, 957

10   (9th Cir. 2003).

11          Both considerations are met here.  In the present case, Plaintiff will prosecute the action

12   vigorously through qualified counsel.  Plaintiff has selected and retained the law firms of

13   MADDOX HARGETT & CARUSO, P.C., AIDIKOFF, UHL & BAKHTIARI, and TIM BERRY

14   P.C. as counsel in this action.  These firms possess extensive experience prosecuting complex

15   class action litigation.  These firms have served in leadership roles, negotiated multimillion dollar

16   class settlements, and in one instance, received a jury verdict of approximately $266 million for a

17   class.  Bakhtiari Dec., ¶ 10.  These firms are well-qualified and will vigorously protect the

18   interests of the Settlement Class.  Moreover, as discussed herein, this Settlement was reached

19   after vigorous litigation and arms-length negotiations.

20          Second, Plaintiff is familiar with the facts of her claim and has no personal interests that

21   are adverse or antagonistic to those of the Settlement Class.  Plaintiff also fully understands the

22   claims of the other Settlement Class Members because she entered into the same IRA account

23   agreements with Defendants.  Accordingly, Plaintiff is a more than adequate representative of the

24   Settlement Class.

25                  2.       The Requirements of Rule 23(b)(2) are Satisfied

26          Once the requirements of Rule 23(a) are fulfilled, the Court must determine whether a

27   class can be certified under any of the provisions contained in Rule 23(b).  Certification is

28   appropriate in this action pursuant to Rule 23(b)(2).  Rule 23(b)(2) provides for certification

1    where "the party opposing the class has acted or refused to act on grounds that apply generally to

2    the class, so that final injunctive relief or corresponding declaratory relief is appropriate

3    respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).

4          There are two basic requirements for maintaining a class action under Rule 23(b)(2).

5    *First*, the party opposing the class must have acted or refused to act or failed to perform a legal

6    duty, on grounds generally applicable to all class members.  *Newberg on Class Actions,* § 4:11

7    (4th ed. 2010).  "[I]t is sufficient if class members complain of a pattern or practice that is

8    generally applicable to the class as a whole,' even if not all class members have been injured by

9    the challenged practice."  *Xiufang Situ v. Leavitt,* 240 F.R.D. 551, 562 (N.D. Cal. 2007) (quoting

10   *Walters v. Reno,* 145 F.3d 1032, 1047 (9th Cir. 1998)).  Plaintiff alleges that Defendants have

11   acted uniformly towards the Settlement Class by imposing the same IRA account agreements

12   with identical or substantially similar offending contractual provisions.

13         *Second*, "final relief of an injunctive nature or a corresponding declaratory nature, settling

14   the legality of the behavior with respect to the class as a whole, [must be] appropriate."  *Newberg*

15   *on Class Actions,* § 4:11 at 56 (4th ed. 2010) (omitting internal citation and quotation marks).

16   Here, the relief requested and afforded by the Stipulation of Settlement is entirely injunctive and

17   appropriately so.  The amendment to be made by Schwab to all Class Members' IRA account

18   agreements will declare any provision of the agreements that conflicts with Sections 408 and

19   4975 of the Internal Revenue Code to be null and void effective retroactively to the first date on

20   which the agreement concerning the Schwab IRA account was entered into by the account holder.

21   *See* Ex. A at ¶ 2.1.  Accordingly, the class satisfies Rule 23(b)(2).

22         **C.      Rule 23(g) Is Satisfied And Plaintiff's Counsel Should Be Appointed As Class
23                   Counsel**

24         Rule 23(g) of the Federal Rules of Civil Procedure requires a court that certifies a class to

25   appoint class counsel, taking into consideration four facts: (i) the work counsel has done in

26   identifying or investigating potential claims in the action; (ii) counsel's experience in handling

27   class actions, other complex litigation, and the types of claims asserted in the action; (iii)

28

1    counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to

2    representing the class.  Fed. R. Civ. P. 23(g)(1)(A).

3         Plaintiffs' Counsel satisfy these criteria.  First, Plaintiff's Counsel have conducted an

4    investigation of this case, reviewing documents produced by Defendants, reviewing the law

5    relating to the case, and obtaining information from counsel for Schwab. Bakhtiari Dec.¶ 9.

6    Second, Plaintiff's Counsel have vast experience in prosecuting and litigating large-scale and

7    complex class actions such as this.  *Id.* ¶ 10.  Third, Plaintiff's counsel have extensive knowledge

8    of this area of the law, having researched the unique issues at play in the instant action.  *Id.* ¶ 11.

9    Fourth, Plaintiff's Counsel have the resources to effectively prosecute the Action.  *Id.* ¶ 12.

10        Accordingly, Plaintiff's Counsel should be appointed as counsel to the Class.

11        **D.    The Criteria For Settlement Approval Are Satisfied**

12        The purpose of preliminary evaluation of a proposed class action settlement is to

13   determine whether the settlement is within the "range of reasonableness," and thus whether notice

14   to the class of the terms and conditions of the settlement, and the scheduling of a final approval

15   hearing, are worthwhile.  4 *Newberg* § 11.25.

16        A proposed settlement may be finally approved by the trial court if it is determined to be

17   "fundamentally fair, adequate, and reasonable."   *City of Seattle*, 955 F.2d at 1276.   While

18   consideration of the requirements for *final* approval is unnecessary at this stage, all of the relevant

19   factors weigh in favor of the Settlement proposed here.  In affirming the settlement approved by

20   the trial court in *City of Seattle*, the Ninth Circuit Court of Appeals noted that a trial court "need

21   not reach any ultimate conclusions on the contested issues of fact and law which underlie the

22   merits of the dispute, for it is the very uncertainty of outcome in litigation and avoidance of

23   wasteful and expensive litigation that induce consensual settlements."   *Id.* at 1291 (internal

24   quotation and citation omitted).  The Court's ultimate determination "will involve a balancing of

25   several factors" which may include:

26              the strength of plaintiffs' case; the risk, expense, complexity, and likely
                duration of further litigation; the risk of maintaining class action status
27              throughout the trial; the amount offered in settlement; the extent of
                discovery completed; and the stage of the proceedings; the experience

28

1
2

and views of counsel . . . and the reaction of the class members to the
proposed settlement.

3  *Id.*  Plaintiff will address in detail each of the factors required for final settlement approval in

4  their motion for final approval of the Settlement, to be submitted prior to the Final Approval

5  Hearing.

6
7

1.    The Settlement is the Product of Serious, Informed, and Arm's-Length
Negotiations

8        The Court's role is to ensure that "the agreement is not the product of fraud or

9  overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a

10  whole, is fair, reasonable and adequate to all concerned."  *Hanlon*, 150 F.3d at 1027 (internal

11  quotes and citations omitted).  Where, as here, a proposed class settlement has been reached after

12  arm's length bargaining, conducted by capable counsel, and the proponents of the settlement are

13  counsel experienced in similar litigation, the settlement should be entitled to a presumption of

14  fairness. *See, e.g.,* 4 Newberg on Class Actions § 11:41 (4th ed.) ("There is usually an initial

15  presumption of fairness when a proposed class settlement, which was negotiated at arm's length

16  by counsel for the class, is presented for court approval.").

17        The Settlement here is the result of intensive, arm's-length negotiations between

18  experienced attorneys who are familiar with class action litigation in general and with the legal

19  and factual issues of this case in particular.  Counsel for both parties are particularly experienced

20  in the litigation, certification, trial, and settlement of nationwide class action cases.  Bakhtiari

21  Dec. ¶ 13.

22        Settlement negotiations in this case were overseen by Randall W. Wulff, a nationally

23  renowned mediator, of Wulff Quinby & Sochynsky in Oakland, California.  Bakhtiari Dec. ¶ 5.

24  Prior to engaging in mediation with Mr. Wulff, the parties met and conferred on several occasions

25  and engaged in informal discovery.  *Id*. at ¶ 4.  The parties were able to agree on the substantive

26  terms of Settlement (excluding attorneys' fees and expenses, and an incentive fee to Plaintiff)

27  with the help of Mr. Wulff.  *Id*. at ¶ 5.  Thereafter, the parties negotiated the parameters for an

28

1   award of attorneys' fees and expenses and an incentive fee for Plaintiff.  *Id.* at ¶ 6.  The final

2   Stipulation of Settlement was executed on or about July 25, 2011.  *Id.*  Plaintiff's Counsel

3   supports the resulting Settlement as fair, and as providing reasonable relief to the Members of the

4   Settlement Class.  *Id.* at 14.

5   2.   <u>The Settlement Provides Substantial Relief for the Settlement Class</u>

6   The Settlement provides that Defendants will affirmatively change the IRA account

7   agreements and void *any* alleged offending language retroactive to the date the IRA account

8   agreements were entered into by Schwab and the Settlement Class Members, thereby confirming

9   that hundreds of billions of dollars of IRA assets maintain their tax-exempt status.

10  3.   <u>The Risks of Continued Litigation and Trial Counsel in Favor of Settlement</u>

11

12  The Settlement also provides Settlement Class Members with benefits that they would not

13  enjoy if the case were to proceed to trial.  First, the Settlement provides Settlement Class

14  Members with prompt and immediate relief.  *See* Ex. A at ¶ 2.1 (providing that "Schwab will

15  send this amendment to all current Schwab IRA account holders no later than ninety (90) days

16  after the Judgment becomes Final . . . .").  Proceeding to trial would add years to the resolution of

17  this case and could be further delayed by appeals, while Settlement Class Members' IRA

18  accounts may remain at risk.  Second, the Settlement enables Settlement Class Members to avoid

19  the risks of going to trial at all.  Although Plaintiff and the putative class believe they would

20  prevail at trial, the outcome of a trial is uncertain.  Third, the Settlement negates the extraordinary

21  time and expense that would be incurred if this case were to proceed to trial.  Even if the class

22  were successful in winning at trial, it would not see any relief until after many potential appeals

23  and many years, if at all.  As a result, the relief provided to Class Members in accordance with

24  this Settlement is more than adequate.

25  **E.   <u>Conditional Certification Of The Settlement Class Is Appropriate</u>**

26  Finally, Plaintiff requests that the Court conditionally certify a nation-wide class for

27  settlement purposes.  At this point in the approval process, conditional certification permits notice

28  of the proposed Settlement to issue to the class to inform Settlement Class Members of the

existence and terms of the proposed Settlement, of their right to be heard on its fairness, and of the date, time and place of the Final Approval Hearing. *See Manual for Compl. Lit.*, at §§ 21.632, 21.633. Conditional certification of a class is appropriate in part because Defendants waive their challenges to class certification in the context of this Settlement. In such circumstances, *Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998), provides the roadmap for the Court's consideration of certification issues.

1.   The Proposed Settlement Class Mirrors the Type of Settlement Authorized by the United States Supreme Court

The United States Supreme Court's opinion in *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620, 117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997), confirmed the propriety, and recognized the necessity, of settlement class certification in cases involving identifiable and easily identified class members, and essentially identical damages. In that case, the Supreme Court declared cases like this one to be the paradigm for class treatment:

> The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights. The class action solves this problem by aggregating the relatively paltry potential recoveries into something worth someone's (usually an attorney's) labor.

*Amchem*, 521 U.S. at 617 (quoting *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir. 1997)).

The present action, which involves a single alleged course of conduct common to all Class Members is precisely the type of "core" class action endorsed in *Amchem*. Without this class action—and without this Settlement—most Class Members would be "without effective strength to bring their arguments into court at all." *Amchem*, 521 U.S. at 617. Under these circumstances, class certification, has long been held proper. *See e.g.*, *Walters* 145 F.3d at 1047 (9th Cir. 1998), *supra*.

**F.   Notice**

1.   The Proposed Notice Program Is Constitutionally Sound

"Rule 23(e)(1)(B) requires the court to 'direct notice in a reasonable manner to all class

members who would be bound by a proposed settlement, voluntary dismissal, or compromise' regardless of whether the class was certified under Rule 23(b)(1), (b)(2), or (b)(3)." *Manual for Compl. Lit., supra*, at § 21.312.  Many of the same considerations govern both certification and settlement notices.  In order to protect the rights of absent class members, the Court must provide the best notice practicable to class members.  *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811–12, 70 S. Ct. 652, 94 L. Ed. 865 (1985); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 174–175, 94 S. Ct. 2140, 40 L. Ed. 2d 732 (1974); *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 2d 865 (1950).  According to the *Manual for Complex Litigation, supra*, at § 21.312, the settlement notice should:

- Define the class;
- Describe clearly the options open to the class members and the deadlines for taking action;
- Describe the essential terms of the proposed settlement;
- Disclose any special benefits provided to the class representatives;
- Provide information regarding attorneys' fees;
- Indicate the time and place of the hearing to consider approval of the settlement, and the method for objecting to (or if permitted opting out of the settlement);
- Explain the procedures for allocating and distributing settlement funds, and, if the settlement provides different kinds of relief for different categories of class members, clearly set out those variations;
- Provide information that will enable class members to calculate or at least estimate their individual recoveries; and
- Prominently display the address and phone number of class counsel and the procedure for making inquiries.

The proposed Notice of Settlement, attached as Exhibit A-1 to the Stipulation of Settlement, satisfies all of the relevant criteria above.[3]  *See* Ex. A-1 (defining the Settlement Class, the nature of the pending litigation, the general terms of the Settlement, how to object to

---

[3]Because the relief provided by the Stipulation of Settlement entirely consists of an amendment to the IRA account agreements and the parties propose that the class be certified pursuant to Rule 23(b)(2), notice related to monetary relief and an opportunity to opt out are irrelevant.  *See Doesier v. Miami Valley broad. Corp.*, 656 F.2d 1295, 1299 (9th Cir. 1981) (due process requires that a plaintiff in a Fed. R. Civ. P. 23(b)(2) class action be adequately represented, but does not require a right to opt-out of the class); s*ee also Wang v. Chinese Daily News, Inc.*, No. 04-cv-1498-CBM (JWJX), 2006 WL 1663633, at *1 (C.D. Cal. June 7, 2006).

the Settlement, the right of a Settlement Class Member to attend the Final Approval Hearing, and how to obtain additional information regarding this action and the Settlement.). The Notice of Settlement is written in plain English and is organized and formatted so as to be as clear as possible. The Notice of Settlement encourages Settlement Class Members with more questions to seek out further information by (1) visiting a website with frequently asked questions and answers; (2) calling a toll-free number that will be staffed with trained live operators who will be able to answer their questions; or (3) calling class counsel. *See* Ex. A-1 at ¶ 16. In short, the Notice of Settlement will provide the necessary information for Settlement Class Members to make an informed decision regarding the proposed Settlement.

The parties also have agreed to a notice dissemination plan that is most likely to reach the Class Members. The parties propose that if the Court grants this Motion, Defendants, by October 20, 2011, will send the Notice of Settlement to current Schwab account holders who are Members of the Settlement Class in a regularly scheduled electronic and/or mail delivery (*e.g.*, with account holders' statements, amendments and other notices from Defendants) and to the last electronic or mailing address known to Defendants for former Schwab account holders who are Members of the Settlement Class, in the form of Exhibit A-1 to the Stipulation of Settlement. *See* Ex. A. ¶ 4.1. Due to the accuracy of Schwab's records the parties believe that there is no need for publication notice. Bakhtiari Dec. ¶ 15.

2. <u>Defendants Will Provide Required Notice to Governmental Officials</u>

Pursuant to the Class Action Fairness Act, 28 U.S.C. 1715, Defendants are required to provide notice of the Settlement, in the form proscribed therein to appropriate state and federal governmental officials, within ten (10) days of filing this motion for preliminary approval of the Settlement and the attached Stipulation of Settlement. *See* 28 U.S.C. 1715(b). Defendants intend to fully comply with this requirement as set forth in the Stipulation of Settlement. *See* Ex. A, ¶9.5.

**G.    <u>Scheduling a Final Approval Hearing Is Appropriate</u>**

The last step in the settlement approval process is a final fairness hearing at which the Court may hear all evidence and argument necessary to make its settlement evaluation. Proponents of the Settlement may explain the terms and conditions of the Settlement, and offer

1   argument in support of final approval.  In addition, Settlement Class Members, or their counsel,

2   may be heard in support of or in opposition to the Stipulation of Settlement.  The Court will

3   determine after the Final Approval Hearing whether the Settlement should be approved, and

4   whether to enter a final order and judgment under Fed. R. Civ. P. 23(e).  The parties respectfully

5   propose the following schedule:

| Deadline to disseminate Class Notice | October 20, 2011 |
|---|---|
| Deadline for application for Class Representative incentive fee and attorneys' fees and expenses | Five weeks prior to the Final Approval Hearing |
| Deadline for Settlement Class Members to file comments supporting or objecting to the settlement and/or attorneys' fees | Three weeks prior to the Final Approval Hearing |
| Deadline for the parties' responses to any objections | Two Weeks prior to the Final Approval hearing |
| Deadline to file final approval papers | TBD |
| Final settlement approval hearing | TBD |

**V.   <u>CONCLUSION</u>**

        For all of the foregoing reasons, Plaintiff respectfully requests that the Court grant

preliminary approval of the proposed settlement and its terms as set forth in the Stipulation of

Settlement; appoint as class counsel Maddox Hargett & Caruso, P.C., Aidikoff, Uhl & Bakhtiari,

and Tim Berry, P.C.; conditionally certify, for settlement purposes only, the proposed Settlement

1    Class pursuant to Fed. R. Civ. P. 23(b)(2); approve the proposed form and manner of notice; and

2    set a date for the Final Approval Hearing and related dates for any objections and replies.

3    Dated: July 29, 2010                    Respectfully submitted,

4                                             _/s/ Ryan Bakhtiari_____
                                             Ryan Bakhtiari (SBN 199147)
5                                            rbakhtiari@aol.com
                                             **AIDIKOFF, UHL & BAKHTIARI**
6                                            9454 Wilshire Boulevard, Suite 303
                                             Beverly Hills, CA 90212
7                                            Telephone:  (310) 274-0666
                                             Telecopier:  (310) 859-0513
8
                                             Barbara Quinn Smith
9                                            bqsmith@mhclaw.com (Pro Hac Vice to be filed)
                                             **MADDOX HARGETT & CARUSO, P.C.**
10                                           9853 Johnnycake Ridge Road
                                             Suite 302
11                                           Mentor, OH 44060
                                             Telephone: (440) 354-4010
12                                           Telecopier: (440) 848-8175

13                                           Thomas K. Caldwell
                                             tkcaldwell@mhclaw.com (Pro Hac Vice to be filed)
14                                           T. John Kirk
                                             kirktjohn@mhclaw.com (Pro Hac Vice to be filed)
15                                           **MADDOX HARGETT & CARUSO, P.C.**
                                             10100 Lantern Rd.
16                                           Suite 150
                                             Fishers, IN 46037
17                                           Telephone: (317) 598-2040
                                             Telecopier: (317) 598-2050
18
                                             Tim Berry
19                                           tim@iraideas.com
                                             **TIM BERRY P.C.**
20                                           11812 E. Toledo
                                             Gilbert, AZ 85295
21                                           Telephone:  (602) 652-2875

22                                           *Attorneys for Plaintiff and the Proposed Class*

23

24

25

26

27

28

Motion for Preliminary Approval of Class            -23-                    Case No. CV 11 1625 EMC
Action Settlement