UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOY YOSHIOKA,

         Plaintiff,

   v.

CHARLES SCHWAB CORPORATION, *et al.*,

         Defendants.
_____/

No. C-11-1625 EMC

**ORDER RE ISSUES FOR SEPTEMBER 2, 2011 HEARING**

    Plaintiff's motion for preliminary approval is currently set for hearing on September 2, 2011. The Court has reviewed the papers submitted by the parties with respect to that motion. Having reviewed the papers, the Court hereby orders that the parties be prepared to discuss the following issues at the September 2 hearing. In addition, where additional briefing is requested, it is so noted below. Any additional briefing shall be filed by **Noon, September 1, 2011**.

A.    <u>Merits of Plaintiffs' Underlying Claim</u>

    It is the Court's task to consider whether the Settlement Agreement falls within the range of possible approval. "To evaluate the range of possible approval criterion, which focuses on substantive fairness and adequacy, courts primarily consider plaintiffs' expected recovery balanced against the value of the settlement offer." *Vasquez v. Coast Valley Roofing, Inc.*, 670 F. Supp. 2d 1114, 1125 (E.D. Cal. 2009) (citing *In re Tableware Antitrust Litig.*, 484 F. Supp.2d at 1080) (internal quotations omitted). The parties have failed to provide the Court with sufficient information as to the merits of the underlying claim and Plaintiffs' potential or expected recovery if

the litigation continued. It is therefore difficult for the Court to evaluate the fairness of the proposed settlement.

The parties should be prepared to address this issue at the hearing and should also provide supplemental briefing.

B.  Released Claims

The Court is concerned that the Released Claims provision is many times broader than the scope of the dispute in this litigation and the scope of relief provided to the class. Specifically, subpart (b) of ¶ 1.14 appears to sweep into the Release claims that are far removed from the limited IRA agreement provisions and laws at issue here. While the Complaint addresses a few specific sections of the Internal Revenue Code and two paragraphs of the Schwab IRA agreement, the Release purports to include claims with respect to *any* part of the IRA agreement under *any* "law, regulation or ruling, including without limitation" the entire Internal Revenue Code and ERISA. Settlement Agreement ¶ 1.14. Combined with the Unknown Claims provision, class members would appear to have no recourse for any legal claims they later discover with respect to their accounts. This Release thus seems to offend basic notions of fairness with respect to class members' rights.

The parties should be prepared to address the necessity of this broad release at the hearing and should provide the Court with supplemental briefing on this issue.

C.  Class Notice

Although classes certified under 23(b)(2) do not require the same stringent notice as under (b)(3), the Court must still ensure reasonable notice. Fed. R. Civ. P. 23(e)(1). Here, the Court is concerned that the proposed notice fails to inform class members of the specific IRA agreement provisions at issue, the nature and extent of the release of claims mandated by the settlement, and the fact that class members have no right to opt out. In addition, while the notice informs class members of the upper limits of potential attorney's fees and incentive awards, it does not give the class information about or access to any preliminary estimate of fees requested, nor does it inform them of how to access that information once Plaintiffs' Counsel files its application for attorney's fees. *See In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 993-94 (9th Cir. 2010) (holding that under

Rule 23(h), class members must be given a full and fair opportunity to examine and object to attorneys' fees motion).

Finally, the parties do not explain why notice is sufficient through a regularly scheduled Schwab delivery (as opposed to a special delivery that would highlight the settlement for Class Members), and why notice by publication is unnecessary. Plaintiffs state generally that they are confident in the accuracy of Schwab's records, but provide no reason for the Court to have such confidence. *See* Mot. at 21.

The parties should be prepared to discuss these issues at the hearing. In addition, the parties should provide briefing and/or evidence as to the accuracy of Schwab's records if they intend to provide no notice by publication.

D.   Proposed Deadlines

The parties should be prepared to address the proposed deadlines listed in the motion. *See* Mot. at 22. In particular, the Court has concerns about the fact that the deadline for objecting to the settlement is only two weeks after the deadline for submitting an application for attorney's fees and incentive awards. This is insufficient time for class members to respond to the fees motion even assuming the class receives access to that motion once it is filed.

IT IS SO ORDERED.

Dated: August 30, 2011

_____
EDWARD M. CHEN
United States District Judge

3