KENNETH G. HAUSMAN (No. 57252)
khausman@howardrice.com
SARAH A. GOOD (No. 148742)
sgood@howardrice.com
DEBORAH S. SCHLOSBERG (No. 254621)
dschlosberg@howardrice.com
HOWARD RICE NEMEROVSKI CANADY
  FALK & RABKIN
A Professional Corporation
Three Embarcadero Center, 7th Floor
San Francisco, California 94111-4024
Telephone: 415/434-1600
Facsimile: 415/677-6262

Attorneys for Defendants
THE CHARLES SCHWAB CORPORATION,
SCHWAB HOLDINGS, INC. AND CHARLES
SCHWAB & CO., INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOY YOSHIOKA,<br><br>Individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>THE CHARLES SCHWAB CORPORATION, SCHWAB HOLDINGS, INC. and CHARLES SCHWAB & CO., INC.,<br><br>        Defendants. | No. CV 11 1625 EMC<br><br><u>CLASS ACTION</u><br><br><u>[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE</u> |

1  Plaintiff's unopposed motion for preliminary approval of class settlement came on for
2  hearing before the Court September 2, 2011. Docket No. 21. Before the hearing, the Court
3  issued an Order requesting that the parties file supplemental briefing to address the Court's
4  concerns as to certain aspects of the settlement agreement and proposed Class Notice. *See*
5  Docket No. 35. Upon review of the parties' supplemental submissions in response to that
6  Order, *see* Docket Nos. 36-40, as well as their representations at the hearing and revisions to
7  the settlement agreement and proposed notice, the Court is satisfied that the parties have
8  adequately addressed its concerns at this preliminary stage for the reasons set forth below.

9  WHEREAS, a class action is pending before the Court entitled *Yoshioka v. The*
10 *Charles Schwab Corporation, et al*, Case No. 3:11-cv-1625 EMC (the "Litigation");

11 WHEREAS, the Court has received the Stipulation of Settlement, including the
12 Exhibits attached thereto, dated as of July 25, 2011, and revised as of September 8, 2011 (the
13 "Stipulation"), that has been entered into by Plaintiff and Defendants, *see* Docket No. 43,
14 Exh. A;

15 WHEREAS, all defined terms in the Stipulation shall have the same meanings when
16 used in this Order;

17 WHEREAS, the Settling Parties having made this application, pursuant to Federal Rule
18 of Civil Procedure 23(e), for an order preliminarily approving the settlement of the
19 Litigation, in accordance with the Stipulation which, together with the Exhibits attached
20 thereto, sets forth the terms and conditions for a proposed Settlement of the Litigation and
21 for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein;
22 and

23 WHEREAS, the Court having read and considered the Stipulation and the Exhibits
24 attached thereto;

25 NOW, THEREFORE, IT IS HEREBY ORDERED that:
26 1. The Court preliminarily approves the Stipulation and the Settlement set forth
27 therein, subject to further consideration at the Final Approval Hearing described below.
28 2. A hearing (the "Final Approval Hearing") shall be held before this Court on

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR
NOTICE – 3:11-CV-1625 EMC
-1-

**December 9, 2011, at 1:30 p.m.**, at the San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, San Francisco, California, to determine: (a) whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; (b) whether a Judgment as provided in ¶ 1.8 of the Stipulation should be entered herein; (c) whether an incentive fee of not greater than $5,000 should be awarded to Plaintiff, and if so, the amount of said incentive fee not to exceed $5,000; and (d) whether Plaintiff's Counsel should be awarded fees and expenses of not greater than $500,000, and if so, the amount of said fees and expenses not to exceed $500,000. The Court may adjourn the Final Approval Hearing without further notice to Members of the Settlement Class.

3. The Court determines that a Final Approval Hearing date of December 9, 2011, is preferable to the parties' suggested date of December 2, 2011. Accordingly, the Court orders the parties to edit the Revised Notice of Pendency and Proposed Settlement of Class Action accordingly. All portions of the Notice referring to December 2, 2011, as the date for the final hearing shall be changed to December 9, 2011, and all portions of the Notice affixing November 11, 2011 as the deadline for filing objections and notice of intent to appear shall be changed to November 18, 2011.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for purposes of effectuating this Settlement, a Settlement Class of all Persons who currently hold or formerly held a Schwab IRA account at any time from January 1, 2005 to the date of Final Judgment. Excluded from the Settlement Class are Defendants and any entity in which any Defendant has or had a controlling interest or that is a parent or subsidiary or is controlled by any Defendant.

5. With respect to the Settlement Class, the Court preliminarily finds for purposes of effectuating this Settlement that (a) the Members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Litigation is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Plaintiff are typical of the claims of the Settlement Class; (d) the Plaintiff and Plaintiff's Counsel fairly

and adequately represent and protect, and have fairly and adequately represented and protected, the interests of all of the Settlement Class Members; (e) adjudications with respect to individual class members would, as a practical matter, be dispositive of the interests of other members not party to the individual adjudications and would substantially impair or impede their ability to protect their interests; and (f) the Defendants have acted on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

6. With the exception of the date changes noted above, the Court approves the Revised Notice of Pendency and Proposed Settlement of Class Action (the "Revised Notice") which is attached hereto as Exhibit A, and which was attached in draft form as Exhibit A to the Declaration of Deborah Schlosberg filed on September 1, 2011, and finds that the delivery of the Revised Notice in the manner set forth in ¶¶ 6-7 of this Order meets the requirements of Federal Rule of Civil Procedure 23 and due process, is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

7. As set forth in the Stipulation, the Court directs Defendants to administer the notice procedure as more fully set forth below:

(a) Not later than October 20, 2011 (the "Notice Date"), Defendants shall cause the contents of the Revised Notice—with the new date for the Final Approval hearing of December 9, 2011—to be sent to Members of the Settlement Class who are current Schwab account holders in a regularly scheduled delivery by Schwab (e.g. with account holders' statements, amendments and other notices from Schwab) and to be sent to the last electronic or mailing address known to Schwab for former Schwab account holders who are Members of the Settlement Class;

(b) Not later than October 20, 2011, Defendants shall cause the Stipulation, as well as frequently asked questions and answers, to be posted on a website prepared and maintained by Schwab at www.schwab.com/Yoshioka, which will be provided in the Revised Notice sent to the Settlement Class;

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE – 3:11-CV-1625 EMC

-3-

(c)  Not later than October 20, 2011, Defendants shall set up and maintain 1-877-586-5775, a toll free number for members of the Settlement Class to call with questions about the Settlement, and maintain a record of the number of calls received and the categories of questions asked; and

(d)  Not later than October 31, 2011, Defendants shall cause to be served on Plaintiff's Counsel and filed with the Court an affidavit or declaration attesting to such sending, posting, set up and maintenance.

8.  Schwab shall maintain a record of the number and nature of the calls to the toll free number and provide access to Plaintiff's Counsel to that record.  Schwab shall classify the nature of the calls by their type (e.g. (1) substance of the lawsuit; (2) substance of the settlement; (3) who is in the class; (4) caller supports the settlement; (5) caller opposes the settlement; and (6) other).  Should Plaintiff's Counsel reasonably request additional details about the calls, Schwab will make reasonable efforts to comply with that request.

9.  Defendants shall comply with the notice requirements of the Class Action Fairness Act, 28 U.S.C. § 1715 to the extent necessary and shall pay the expenses for such compliance.  Plaintiff's Counsel shall fully cooperate with Defendants as necessary to effectuate such compliance.

10.  All Members of the Settlement Class shall be bound by all determinations and judgments in the Litigation concerning the Settlement, whether favorable or unfavorable to the Settlement Class.

11.  Any Member of the Settlement Class may enter an appearance in the Litigation, at his, her or its own expense, individually or through counsel of his, her or its own choice.  If he, she or it does not enter an appearance, he, she or it will be represented by Plaintiff's Counsel.

12.  Any Settlement Class Member may appear and show cause, if he, she or it has any reason, why the proposed Settlement of the Litigation should or should not be approved as fair, reasonable and adequate, why the Judgment should or should not be entered thereon, why an incentive fee not to exceed $5,000 should or should not be paid to Plaintiff, and/or

why attorneys' fees and expenses not to exceed $500,000 should or should not be awarded to Plaintiff's Counsel; provided, however, that no Settlement Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the attorneys' fees and expenses to be awarded to Plaintiff's Counsel and incentive fee to be awarded to Plaintiff, unless that Person has filed said objections, papers and briefs with the Clerk of the United States District Court for the Northern District of California, on or before three weeks before the Final Approval Hearing, or **November 18, 2011**, and delivered copies of any such papers to Aidikoff, Uhl & Bakhtiari, 9454 Wilshire Boulevard, Suite 303, Beverly Hills, California 90212 and to Howard Rice Nemerovski Canady Falk & Rabkin, Three Embarcadero Center, 7th Floor, San Francisco, CA 94111, such that they are received on or before the same date. Any Settlement Class Member who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness or adequacy of the proposed Settlement as set forth in the Stipulation, or to the award of an incentive fee to Plaintiff and/or attorneys' fees and expenses to Plaintiff's Counsel, unless otherwise ordered by the Court.

13.  All papers in support of the application for an incentive fee not to exceed $5,000 for Plaintiff and attorneys' fees and expenses not to exceed $500,000 for Plaintiff's Counsel shall be filed and served on or before September 16, 2011. The motion for final approval and any reply papers in response to objections shall be filed and served on or before two weeks before the Final Approval Hearing.

14.  Neither the Defendants nor their Related Parties shall have any responsibility for, or liability with respect to, any application for attorneys' fees or expenses or an incentive fee for Plaintiff submitted by Plaintiff's Counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the Settlement.

15.  At or after the Final Approval Hearing, the Court shall determine whether Plaintiff's Counsel's application for attorneys' fees and expenses not to exceed $500,000

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE – 3:11-CV-1625 EMC

-5-

and an incentive fee not to exceed $5,000 for Plaintiff shall be approved.

16. All reasonable expenses incurred in Defendants sending Revised Notice to the Settlement Class Members shall be paid by Defendants as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither the Plaintiff nor Plaintiff's Counsel shall have any obligation to repay any amounts disbursed for purposes of sending Revised Notice to the Settlement Class, as provided in the Stipulation.

17. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind and shall not be construed as, or deemed to be evidence of, or an admission or concession that Plaintiff or any Settlement Class Member has suffered any damages, harm, or loss.

18. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, then this Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

19. The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the Members of the Settlement Class, and retains jurisdiction to consider matters arising out of or connected with the proposed Settlement as provided by the Stipulation. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class.

This disposes of Docket No. 21.

Dated: September 8, 2011

THE HONORABLE EDWARD M. CHEN
UNITED STATES DISTRICT JUDGE

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE – 3:11-CV-1625 EMC

-6-

## NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

*IF YOU CURRENTLY HOLD OR FORMERLY HELD A SCHWAB INDIVIDUAL RETIREMENT ACCOUNT ANY TIME FROM JANUARY 1, 2005 TO PRESENT, YOUR RIGHTS MAY BE AFFECTED BY THIS CLASS ACTION SETTLEMENT.*

A federal court authorized this Notice. This is not a solicitation from a lawyer.

**Settlement:** No money will be paid to the Settlement Class; however, the account agreement for each Settlement Class Member will be amended to confirm compliance with the Charles Schwab & Co., Inc. Individual Retirement Plan ("Plan") and applicable laws. The class action lawsuit will be dismissed and the Defendants released from claims as set forth in the Stipulation of Settlement.

**Settlement Class:** The Court has preliminarily certified a Settlement Class of all Persons who currently hold or formerly held a Schwab Individual Retirement Account ("IRA") at any time from January 1, 2005 to the date of Final Judgment approving the settlement. Excluded from the Settlement Class are Defendants and any entity in which any Defendant has or had a controlling interest or that is a parent or subsidiary or is controlled by any Defendant.

**Reasons for Settlement:** The Settlement avoids the costs and risks associated with continued litigation, and provides an account amendment beneficial to the Settlement Class.

**If the Case Had Not Settled:** If the case had not settled, Plaintiff might not have prevailed or been able to achieve the account amendment provided by the Settlement.

**Attorneys' Fees and Expenses and Incentive Fee for Plaintiff:** Plaintiff's Counsel have not received any payment for their work investigating the facts, conducting this litigation and negotiating the Settlement on behalf of the Plaintiff and the Settlement Class. Plaintiff's Counsel will ask the Court for attorneys' fees and expenses not to exceed $500,000 and an incentive fee for Plaintiff not to exceed $5,000, both to be paid by Defendants. The Court may or may not award up to these amounts.

**Deadlines:**

**For Settlement Class Members to File Objections:** November 11, 2011.

**Court Hearing on Fairness of Settlement:** December 2, 2011.

**More Information:** Visit www.schwab.com/Yoshioka or call 877/586-5775.

*Counsel for Plaintiff:*
*Ryan Bakhtiari*

Exhibit A

AIDIKOFF, UHL & BAKHTIARI
9454 Wilshire Boulevard, Suite 303
Beverly Hills, California 90212

- Your legal rights are affected whether you act or don't act. Read this Notice carefully.

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT**

**OBJECT:** You may write to the Court if you do not like this Settlement.

**GO TO THE HEARING:** You may ask to speak in Court about the Settlement.

**DO NOTHING:** Receive the benefit of and be bound by the terms of the Settlement.

- These rights and options, *and the deadlines to exercise them*, are explained herein.
- The Court in charge of this case must decide whether to approve the Settlement.
- Because this case is brought under Fed. R. Civ. P. 23(b)(2) and provides solely equitable relief, you have no right to opt out of the class.

**BASIC INFORMATION**

**1. Why Did I Receive This Notice?**
You or someone in your family may have held a Schwab IRA account at some point between January 1, 2005 and the present. The Court directed that this Notice be sent to you because you have a right to know about a proposed settlement of the class action lawsuit, and about all of your options, before the Court decides whether to approve the Settlement. If the Court approves the Settlement, and after any objections or appeals are resolved, the terms of the Settlement will be carried out. This Notice and the Stipulation of Settlement explain the lawsuit, the Settlement, and your legal rights and obligations. The Court in charge of the case is the United States District Court for the Northern District of California, and the case is known as *Yoshioka v. The Charles Schwab Corporation, et al*, Case No. 3:11-cv-01625-EMC. The individual that sued, Joy Yoshioka, is called the Plaintiff, and the companies she sued, The Charles Schwab Corporation, Schwab Holdings, Inc., and Charles Schwab & Co., Inc., are called the Defendants.

**2. What is this Lawsuit About?**
This case was brought as a class action alleging that Defendants included certain language in their IRA account agreements which caused a prohibited transaction to occur in those accounts, resulting in a loss of their tax-exempt status. The contested provisions are sections 6 and 7 of the account agreement attached as Exhibit A to the Complaint. The entire complaint, including Exhibit A, can be accessed at www.schwab.com/Yoshioka. Defendants deny this allegation, and deny that any damage has occurred to any account holder.

**3. What Rights are being Released?**
The Settlement provides that the Class will release all known or unknown "Released Claims." This means that you cannot sue, continue to sue, or be part of any other lawsuit against the Defendants about the Released Claims in this case. It also means that all of the Court's orders will apply to you and legally bind you and you will release your claims in the case against the Defendants. The terms of the release are the following: "Released Claims" shall collectively mean all claims (including Unknown Claims as defined in paragraph 1.21 hereof), demands, rights, liabilities and causes of action of every nature and description whatsoever, known or unknown, contingent or absolute, mature or immature, discoverable or undiscoverable, whether concealed or hidden, suspected or unsuspected, which now exist, or heretofore have existed, or which were asserted or which could have been asserted by the Plaintiff or any Settlement Class Member against the Defendants and their Related Parties based upon or arising out of (a) the facts, transactions, events, occurrences, disclosures, statements, acts, omissions or failures to act which were alleged in the Litigation or (b) a claim that entering into a Schwab Individual Retirement Account ("IRA") agreement or related Schwab agreement, or any amendments thereto, by the Plaintiff or any Settlement Class Member caused a prohibited transaction or distribution of an IRA account.

**4. Why is This a Class Action?**
In a class action, one or more people called class representatives (in this case the Court-appointed Plaintiff, Joy Yoshioka) sue on behalf of people who have similar claims. Here, all these people are called the Settlement Class or Settlement Class Members. One court resolves the issues for all Settlement Class Members. Judge Edward M. Chen is in charge of this class action.

**5. Why is There a Settlement?**
The Court did not decide in favor of Plaintiff or Defendants. Instead, both sides agreed to a settlement. That way they avoid the cost and uncertainty of a trial, and the Settlement Class Members benefit from the agreed upon action to be taken by the Defendants to amend the language in the IRA account agreements. The Plaintiff and her attorneys think the Settlement is best for all Settlement Class Members.

## WHO IS IN THE SETTLEMENT

**6. How Do I Know if I Am Part of the Settlement?**
The Settlement Class includes all persons who currently or formerly held any Schwab IRA account at any time from January 1, 2005 to the date of Final Judgment. It does not include Defendants or an entity in which a Defendant has or had a controlling interest or that is a parent or subsidiary or is controlled by a Defendant.

**7. I'm Still Not Sure if I Am Included.**
If you are still not sure whether you are included, you can ask for free help. You can go to the following website address

which has more information about the settlement, www.schwab.com/Yoshioka, call this Schwab provided toll-free number, 877/586-5775, or call Plaintiff's Counsel, Ryan Bakhtiari of Aidikoff, Uhl & Bakhtiari at 800/382-7969 for more information.

## THE SETTLEMENT BENEFITS — WHAT YOU GET

**8. What Does the Settlement Provide?**
Defendants have agreed to amend the current Schwab IRA Account Agreement and add the following paragraph, "Any language in this Account Agreement or related agreements that may conflict or be inconsistent with the Plan, including without limitation Sections 5.2 or 5.8 of the Plan, or Sections 408 or 4975 of the Internal Revenue Code, and the regulations thereunder, shall be interpreted to be consistent and in compliance with the Plan and those Sections of the Code and regulations thereunder. To the extent it is not possible to interpret such language to be consistent and compliant with the Plan or these Code provisions and regulations, then such language shall be of no force or effect to the extent of such inconsistency or noncompliance. This Section shall be effective retroactive to the first date on which the agreement concerning the Schwab IRA was entered into by the Account Holder." This addition will be deemed an amendment to the account agreements from the time each Plaintiff and Settlement Class Member entered into such account agreements with Schwab.

## THE LAWYERS REPRESENTING YOU

**9. Do I Have a Lawyer In This Case?**
The Court appointed the law firms of Aidikoff, Uhl & Bakhtiari, Maddox Hargett & Caruso, P.C., and Tim Berry P.C. to represent you and other Settlement Class Members. These lawyers are called Plaintiff's Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

**10. How Will the Lawyers Be Paid?**
Plaintiff's Counsel will ask the Court for attorneys' fees and expenses of $500,000 which were incurred in connection with the litigation, as well as an incentive fee for Plaintiff not to exceed $5,000. Schwab will not oppose such a request. Such sums as may be approved by the Court will be paid by Defendants. Settlement Class Members are not personally liable for any such fees or expenses, and such requests will not diminish the relief to Class Members. The attorneys' fees and expenses requested will be the only payment to Plaintiff's Counsel for their efforts in achieving this Settlement and for their risk in undertaking this representation on a wholly contingent basis. Plaintiff's Counsel have committed time and expenses in litigating this case for the benefit of the Settlement Class. To date, Plaintiff's Counsel have not been paid for their services or their expenses. The Court will decide what is a reasonable fee and expenses award for Plaintiff's Counsel and an incentive fee for Plaintiff, and may award less

than the amounts requested by Plaintiff's Counsel. You may access Plaintiff's Counsel's application for fees and an incentive fee for Plaintiff at www.schwab.com/Yoshioka on or after September 16, 2011.

**OBJECTING TO THE SETTLEMENT**

**11. How Do I Tell the Court that I Do Not Like the Settlement?**
If you are a Settlement Class Member, you can object to the Settlement if you do not like any part of it, including the proposed amendment to the IRA account agreement, the releases provided by the Settlement Class and the requests for attorneys' fees or expenses for Plaintiff's Counsel and the incentive fee for Plaintiff. You can state the reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter saying that you object to the Settlement in *Yoshioka v. The Charles Schwab Corporation, et al.*, Case No. 3:11-cv-01625-EMC. Be sure to include your name, address, telephone number, your signature, the account number for the IRA account you held at Schwab at any point between January 1, 2005 and the present, and the reasons you object. Any objection must be mailed or delivered such that it is received by *each* of the following no later than November 11, 2011:

*Court:*
Clerk of the Court
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
450 Golden Gate Avenue
San Francisco, California 94102

*Counsel for Plaintiff:*
RYAN BAKHTIARI
AIDIKOFF, UHL & BAKHTIARI
9454 Wilshire Boulevard, Suite 303
Beverly Hills, California 90212

*Counsel for Defendants:*
KENNETH G. HAUSMAN
HOWARD RICE NEMEROVSKI CANADY FALK & RABKIN
A Professional Corporation
Three Embarcadero Center, 7th Floor
San Francisco, California 94111-4024

**THE COURT'S FAIRNESS HEARING**

**12. When and Where Will the Court Decide Whether to Approve the Settlement?**
The Court will hold a fairness hearing at 1:30 p.m., on December 2, 2011, in Judge Chen's courtroom at the San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, California. At this hearing the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court may listen to people who have asked to speak at the hearing. The Court also will consider how much to award Plaintiff's Counsel for fees and expenses and Plaintiff for an incentive

fee. The Court may decide these issues at the hearing or take them under consideration.

### 13. Do I Have to Come to the Hearing?
No. Plaintiff's Counsel will answer any questions the Court may have. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you submitted your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

### 14. May I Speak at the Hearing?
You may ask the Court for permission to speak at the fairness hearing. To do so, you must send a letter saying that it is your intention to appear in *Yoshioka v. The Charles Schwab Corporation, et al.*, Case No. 3:11-cv-01625-EMC. Be sure to include your name, address, telephone number, your signature, and the account number for the Schwab IRA account you held at any point from January 1, 2005 to the present. Your notice of intention to appear must be received no later than November 11, 2011, by the Clerk of the Court, Plaintiff's Counsel, and Defendants' counsel, at the three addresses listed in question 11. If you intend to present evidence or witnesses, you must disclose that information and explain it in your letter.

## IF YOU DO NOTHING

### 15. What Happens if I Do Nothing at All?
If you do nothing, you will be a Settlement Class Member and will receive and be bound by the benefits and obligations of the terms of the Settlement if and when it is approved.

## GETTING MORE INFORMATION

### 16. Are There More Details About the Settlement?
This Notice summarizes the proposed Settlement. More details are in the Stipulation of Settlement, dated as of July 25, 2011. You can obtain a copy of the Stipulation of Settlement by going to www.schwab.com/Yoshioka, or by writing to Ryan Bakhtiari, Aidikoff, Uhl, & Bakhtiari, 9454 Wilshire Boulevard, Suite 303, Beverly Hills, California 90212, or from the Clerk's office at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102.

### 17. How Do I Get More Information?
You can visit the following website with information about the Settlement, www.schwab.com/Yoshioka, call Schwab at the Settlement Information toll-free number 877/586-5775, or call 800/382-7969 or write to Plaintiff's Counsel, Ryan Bakhtiari, at Aidikoff, Uhl & Bakhtiari, 9454 Wilshire Boulevard, Suite 303, Beverly Hills, California 90212.

***DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE***

REG63121