T. John Kirk (*Pro Hac Vice*)
kirktjohn@mhclaw.com
**MADDOX HARGETT & CARUSO, P.C.**
10100 Lantern Rd.
Suite 150
Fishers, IN 46037
Telephone: (317) 598-2040
Telecopier: (317) 598-2050

(Additional Counsel Below)

Attorneys for Named Plaintiff and the Putative Class

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOY YOSHIOKA, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br>vs.<br><br>THE CHARLES SCHWAB CORPORATION, SCHWAB HOLDINGS, INC. AND CHARLES SCHWAB & CO., INC.,<br><br>    Defendants. | Case No. CV 11 1625 EMC<br><br>**NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES AND INCENTIVE AWARD AND MEMORANDUM IN SUPPORT OF MOTION**<br><br>Date: December 9, 2011<br>Time: 1:30 PM<br>Courtroom: 5<br>Judge: Hon. Edward M. Chen |

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on December 9, 2011, at 1:30 p.m. or as soon thereafter as the matter can be heard, before the Honorable Edward M. Chen, United States District Court, San Francisco, California, Plaintiff Joy Yoshioka ("Named Plaintiff"), on behalf of herself and all others similarly situated, will and hereby does move for an order: (1) granting the award of attorneys' fees and expenses to Class Counsel; and (2) granting an incentive award to Named Plaintiff.

For the reasons set forth in greater detail in the following Memorandum of Points and Authorities, Plaintiff respectfully submits that the Court should:

1. Approve Named Plaintiff's Unopposed Motion for $500,000 in attorneys' fees and expenses because such request is reasonable given the significant and timely benefit to Class Members; and

2. Approve Named Plaintiff's Unopposed Motion for a $5,000 incentive award for the services Named Plaintiff rendered to the Class.

This Motion is based on this Notice of Motion and the following Memorandum of Points and Authorities; the Declarations T. John Kirk, Ryan Bakhtiari, and Tim Berry in support of the Motion and all supporting exhibits; and such other documents, pleadings, and papers on file in this action; and any further evidence and/or arguments as may be presented at the hearing on this Motion.

# **TABLE OF CONTENTS**

I.  INTRODUCTION ........................................................................................................................1

A.  Factual Background ............................................................................................................ 2

B.  Procedural History .............................................................................................................. 2

D.  Preliminary Approval.......................................................................................................... 3

II. CLASS COUNSELS' REQUEST FOR AN AWARD OF ATTORNEYS'
FEES AND COSTS IS WELL-SUPPORTED ...............................................................................4

A.  Legal Standard .................................................................................................................... 4

B.  Class Counsel's Fee Request Is Appropriate Under The Lodestar Method ................................ 5

   1.  Class Counsel's Hourly Rates Are Reasonable ................................................................. 6

   2.  The Number of Hours Class Counsel Worked is Reasonable ............................................ 6

C.  A Modest Multiplier is Warranted ....................................................................................... 7

   1.  The Results Achieved.................................................................................................... 8

   2.  The Novelty and Difficulty of the Questions Involved ..................................................... 9

   3.  Whether the Fee is Contingent ..................................................................................... 10

   4.  The Experience, Reputation and Ability of the Attorneys ............................................... 10

   5.  The Multiplier Requested Is Below The Range Normally Applied In This District........ 10

D.  Class Counsel's Request For Reimbursement Of Costs Is Also Reasonable ............................ 11

III. A SERVICE AWARD TO THE NAMED PLAINTIFF IS APPROPRIATE.........................11

IV. CONCLUSION............................................................................................................................13

Named Plaintiff's Motion for Attorney Fees and Incentive Award          Case No. 11-1625 EMC

i

# TABLE OF AUTHORITIES

**Cases**

*Arenson v. Board of Trade of City of Chicago*, 372 F. Supp. 1349 (N.D. Ill. 1974) .......................... 9

*Barcia v. Contain-A-Way, Inc.,* 2009 U.S. District LEXIS 17118 (S.D. Cal. March 6, 2009) .......... 12

*Barjon v. Dalton*, 132 F.3d 496 (9th Cir. 1997) ................................................................. 6

*Blum v. Stenson*, 465 U.S. 886 (1984) ............................................................................ 6

*Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973 (9th Cir. 2008) ................................... 6

*Fischel v. Equitable Life Assur. Soc'y of the United States*, 307 F.3d 997 (9th Cir. 2002) ............. 4, 10

*Friend v. Kolodzeczak*, 72 F.3d 1386 (9th Cir. 1995) ........................................................ 5

*Gambrell v. Barhnart*, 2008 WL 4225445 (N.D. Cal. 2008) .............................................. 6

*Glass v. UBS Fin. Servs.*, 2007 U.S. Dist. LEXIS 8476 (N.D. Cal. Jan. 27 2007) ........................... 12

*Hanlon v. Chrysler Group*, 150 F.3d 1011 (9th Cir. 1998) ........................................... 4, 5, 6

*Hearn v. Barnhart*, 262 F. Supp. 2d 1033 (N.D. Cal. 2003) ............................................. 6

*Hensley v. Eckerhart*, 461 U.S. 424 (1983) ..................................................................... 5

*Hopson v. Hanesbrands Inc.,* 2009 U.S. Dist. LEXIS 33900 (N.D. Cal. Apr. 3, 2009) ............. 6, 10

*Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166 (S.D. Cal. 2007) ................................. 11

*Jones v. Dominion Res. Servs.*, 601 F. Supp. 2d 756 (S.D. W. Va. 2009) ............................ 11

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975) ........................................... 5

*Lealao v. Beneficial California, Inc.*, 82 Cal. App. 4th 19 (Cal. App. 1st 2000) ....................... 9

*Louie v. Kaiser Found. Health Plan, Inc.*, 2008 U.S. Dist. LEXIS 78314 (S.D. Cal. Oct. 6, 2008) .. 12

*Media Vision Tech. Sec. Litig.*, 913 F. Supp. 1362 (N.D. Cal. 1996) ................................. 11

*Mills v. Electric Auto-Lite Co.*, 396 U.S. 375 (1970) ........................................................ 11

*Singer v. Becton Dickinson & Co.* 2009 U.S. Dist. LEXIS 114547 (S.D. Cal. Dec. 9, 2009) ........... 12

*Staton v. Boeing Co.*, 327 F.3d 938 (9th Cir. 2003) .................................................... 5, 11

*Stuart v. RadioShack Corp.,* 2010 U.S. Dist. LEXIS 92067 (N.D. Cal. 2010) ......................... 12

*Thayer v. Wells Fargo Bank*, 92 Cal. App. 4th 819 (2001) ................................................ 9

*Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041 (9th Cir. 2000) ............................ 5

*Van Vraken v. Atlantic Richfield Co.*, 901 F. Supp. 294 (N.D. Cal. 1995) ........................... 12

*Vizcaino v. Microsoft Corp.,* 290 F.3d 1043 (9th Cir. 2002) ......................................... 9, 10

*Yeagley v. Wells Fargo & Co.*, 2010 U.S. Dist. LEXIS 57837 (N.D. Cal. 2010) ................................ 4

**Statutes**

26 U.S.C. § 408(e)(2)(A) ................................................................................................................ 8

26 U.S.C. § 4975 ........................................................................................................................... 8

Fed. R. Civ. P. 23(h) ..................................................................................................................... 4

Named Plaintiff respectfully submits this Memorandum in Support of her Unopposed Motion for an Award of Attorneys' Fees and Incentive Award in connection with the Stipulation of Settlement filed on July 29, 2011. Defendants The Charles Schwab Corporation, Schwab Holdings, Inc. and Charles Schwab & Co., Inc. ("Schwab") have agreed to not oppose such request.[1] In support thereof, Plaintiff states as follows:

## I. INTRODUCTION

Plaintiff and her attorneys have achieved a significant benefit to over **4 million class members**, thereby preventing almost **$400 billion** in Individual Retirement Accounts ("IRA") assets from losing their tax exempt and garnishment exempt status. ¶ 4 of Declaration of Ryan Bakhtiari in Support of Motion for Preliminary Approval ("Preliminary Approval Declaration"). Named Plaintiff and her attorneys reached this settlement when time was of the essence. The longer the Parties took to reach a settlement; the longer class members' IRAs could be subjected to a number of problems. Furthermore, the relief obtained was comprehensive and was likely the exact relief that Named Plaintiff would have obtained after any trials and appeals.

Because of this timely and substantial relief, Named Plaintiff requests an award of attorneys' fees and costs totaling $500,000 and an incentive award to the class representative of $5,000. The requested amount of $500,000 is inclusive of both attorneys' fees and litigation costs, and will be paid, subject to the Court's approval, by Schwab, separately from and in addition to (and not out of) the relief made available to the Class. After reimbursement of $22,252.47 in costs, the remainder for fees is $477,747.53. Thus, the requested fee amounts to a modest 1.82 multiplier on Class Counsel's combined lodestar of $262,478.50 generated through 616.45 hours of work on this case since its inception.

As discussed below, this request for attorneys' fees and costs is squarely supported by the lodestar method of calculating attorneys' fees recognized under Ninth Circuit law. The fee request is

---

[1] Schwab does not oppose Named Plaintiff's Motion for Attorney Fees and Incentive Award, but does not join in Named Plaintiff's arguments.

Named Plaintiff's Motion for Attorney Fees and Incentive Award            Case No. 11-1625 EMC

1

eminently reasonable in light of the outstanding and expeditious result Class Counsel obtained for the Class. The request for a service award to the Named Plaintiff for her service to the Class is also reasonable and supported by Ninth Circuit law.

### A. Factual Background

Plaintiff Joy Yoshioka filed this case on behalf of herself and all other similarly situated individuals. Plaintiff alleged that her Schwab IRA account agreement and the account agreements for all Settlement Class Members contained provisions that created liens and security interests in the assets in the IRA and other investment accounts of the IRA holder, in favor of Defendants. *See* Complaint ¶¶ 8-17 (identifying paragraphs 6 and 7 of Plaintiff's IRA account agreement as the problematic provisions). Plaintiff alleges that these provisions caused the IRA accounts to lose their tax exempt status under 26 U.S.C. § 4975 of the Internal Revenue Code.

Defendants have denied and continue to deny each and all of the claims and contentions alleged by Plaintiff in the litigation. Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the litigation. Defendants further deny that the Plaintiff or the Settlement Class have suffered damages, that any disputed IRA account agreement provisions caused a prohibited transaction, and that Plaintiff or Members of the Settlement Class were harmed by the conduct alleged in the Complaint.

### B. Procedural History

On April 4, 2011, Plaintiff filed a class action complaint against Schwab, alleging claims for violations of the California Consumer Legal Remedies Act, California's Unfair Competition Law, breach of contract, breach of fiduciary duty and declaratory relief on behalf of a class of all current holders of Individual Retirements Accounts with Schwab.

After receiving the complaint, Schwab's counsel sent a reply letter, contacted Plaintiff's Counsel and began to meet and confer with Plaintiff's Counsel with respect to the allegations in Plaintiff's Complaint. Schwab's counsel informed Plaintiff's Counsel of certain changes Schwab had made on December 31, 2010 to its IRA account agreements and the parties then began to engage in informal discovery. At Plaintiff's Counsel's request, Schwab provided Plaintiff's Counsel with

(1) documentation of the number of IRA accounts custodied at Schwab and the amount of assets in those accounts; (2) Schwab's IRA account agreement forms for the past five years; (3) confirmation that Schwab never debited an IRA to satisfy a debt from another non-IRA account; and (4) confirmation that creditors had not utilized the alleged offending language as part of a garnishment, attachment, or execution. Preliminary Approval Declaration, ¶ 4. Schwab responded to these requests and the parties agreed to engage in mediation. On May 9, 2011, the parties filed a joint stipulation requesting that the Court stay all pending deadlines and the proceedings pending mediation. Dkt. 10. This stipulation was signed by the Court on May 24, 2011. Dkt. 16.

### C. Settlement Negotiations

On June 15, 2011, the parties conducted their mediation with esteemed mediator Randall Wulff of Wulff, Quinby & Sochynsky in Oakland, California and reached an agreement on the key terms of the settlement that same day. Preliminary Approval Declaration, ¶ 5. Informal discovery between the parties prior to the mediation allowed Plaintiff's Counsel to enter into the Stipulation of Settlement on a fully informed basis on June 15, 2011. *Id.* In the following weeks, after the substantive terms of the settlement had already been reached and the original Stipulation of Settlement executed, the parties arrived upon a negotiated agreement on attorneys' fees and expenses and an incentive award for Plaintiff Joy Yoshioka. *Id* at ¶ 6.

On July 14, 2011, the parties informed the Court that they had reached an agreement to settle and jointly requested that the Court toll all pending deadlines and stay the proceedings. Dkt. 19. The parties also informed the Court that they would file a Motion for Preliminary Approval of the Settlement by July 29, 2011. *Id.* The final Stipulation of Settlement was finalized and executed by the parties on or about July 25, 2010. *Id.* at ¶ 7.

### D. Preliminary Approval

On July 29, 2011, Plaintiff submitted a Motion for Preliminary Approval of the Settlement. Dkt. 21. Plaintiff asked the Court to conditionally certify the settlement class; grant preliminary approval of the proposed Settlement; approve of the proposed class notice; set a hearing for final approval; set a date by which objections must be filed; and appoint Maddox Hargett & Caruso, P.C.,

Named Plaintiff's Motion for Attorney Fees and Incentive Award                    Case No. 11-1625 EMC

3

Aidikoff, Uhl & Bakhtiari, and Tim Berry P.C. as Class Counsel. On August 30, 2011, the Court requested the Parties submit additional briefing and evidence on various issues surrounding Named Plaintiff's Motion for Preliminary Approval. Dkt. 35. Based on the concerns voiced by the Court in its request for additional briefing, the Parties conferred and agreed to amend the notice to class members and agreed to amend the release. Supplemental Briefing in Named Plaintiff's Motion for Preliminary Approval, Dkt. 36, 39. Additionally, Named Plaintiff agreed to expedite the filing of this Motion from two weeks before the objector deadline to September 16, 2011 to ensure Class Members have more than adequate time to review this Motion. *Id.* The hearing on Plaintiff's Motion for Preliminary Approval was held on September 2, 2011. Dkt. 41. On September 7, 2011, the Parties submitted a Revised Proposed Order of Preliminary Approval and a Revised Proposed Notice to Class Members. Dkt. 42. Preliminary Approval of the class action settlement was granted on September 8, 2011. Dkt. 44.

## II. CLASS COUNSELS' REQUEST FOR AN AWARD OF ATTORNEYS' FEES AND COSTS IS WELL-SUPPORTED

### A. Legal Standard

Fed. R. Civ. P. 23(h) provides that "the court may award reasonable attorney's fee and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). In the Ninth Circuit, a court may exercise its discretion to award attorneys' fees by applying either the lodestar/multiplier method or the percentage-of-the-fund method. *Hanlon v. Chrysler Group*, 150 F.3d 1011, 1029 (9th Cir. 1998); *Fischel v. Equitable Life Assur. Soc'y of U.S.*, 307 F.3d 997, 1006 (9th Cir. 2002). Counsel who represent a class and produce a benefit for the class members are entitled to be compensated for their services, especially where, as here, the defendant has stipulated to the payment apart from the relief for the class.

The lodestar method for determining the reasonableness of an attorneys' fees award has two components. *Yeagley v. Wells Fargo & Co.*, 2010 U.S. Dist. LEXIS 57837, *4 (N.D. Cal. 2010) c*iting Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000). First, the court calculates the "lodestar" amount by taking the product of the hours "reasonably expended" and a

"reasonable hourly rate." *E.g.*, *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *Friend v. Kolodzeczak*, 72 F.3d 1386 (9th Cir. 1995). After examining the time and labor required of the attorneys, the lodestar can then be enhanced using a multiplier that depends upon relevant factors. *See Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975)( (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.)

Where, as here, the Settlement is equitable relief in the form of amending Schwab's IRA agreements, the Settlement cannot be characterized as a true "fund" for the purpose of a percentage-of-the-fund fee analysis. In the absence of such a true common fund, the requested attorneys' fees typically lend themselves more readily to a lodestar/multiplier analysis. *See Hanlon,* 150 F.3d at 1029 (noting that lodestar method is used more often in a case where "there is no way to gauge the net value of the settlement or any percentage thereof.")

Regardless of the method a court applies, the fundamental requirement is that the resulting fee must be fair and reasonable. *Staton v. Boeing Co.*, 327 F.3d 938, 963-64 (9th Cir. 2003). As demonstrated below, the request for $500,000 in attorneys' fees and costs in this case is both fair and reasonable.

### B. Class Counsel's Fee Request Is Appropriate Under The Lodestar Method

The lodestar method provides courts an objective basis upon which to determine the value of the services provided by counsel. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Multiplying the numbers of hours counsel worked by a reasonable hourly rate establishes the lodestar. After examining the time and labor required, the Court applies a multiplier to the lodestar that may vary depending on certain factors. *See Hanlon*, 150 F.3d at 1029 (a lodestar figure "may be adjusted upward or downward to account for several factors including the quality of the representation, the

benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of nonpayment").

### 1. Class Counsel's Hourly Rates Are Reasonable

The hourly rates that Plaintiff seeks for her counsel are reasonable. In assessing the reasonableness of an attorney's hourly rate, courts should consider the prevailing market rate in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. *Blum v. Stenson*, 465 U.S. 886, 895-96 & n.11 (1984). Courts look to the forum in which the District is located to determine the hourly rates that should apply. *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 979 (9th Cir. 2008)("Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits." *quoting Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997)).

In this case, Class Counsel are highly regarded members of the bar who are experienced in the area of consumer class actions, complex class action litigation, and tax matters. (Exhibit A to Kirk Decl.; Exhibit A to Bakhtiari Decl.; Exhibit A to Berry Decl.). Class Counsel's customary rates, which were used for purposes of calculating lodestar here, are reasonable. *Id*. The average hourly rate for the work performed by Maddox Hargett & Caruso is $394.82; the average hourly rate for the work performed by Aidikoff, Uhl & Bakhtiari firm is $567.87; and the hourly rate performed by Tim Berry, P.C. is $400. These rates are well within the acceptable range. *See, e.g.*, *Hopson v. Hanesbrands, Inc.*, 2009 U.S. Dist. LEXIS 33900, at *1-2 (N.D. Cal. April 3, 2009) (approving hourly rates of $675 and $525 in class action lodestar fee analysis); *Gambrell v. Barhnart*, 2008 U.S. Dist. LEXIS 74517, at *4 (N.D. Cal. September 15, 2008) (approving a requested fee which yielded an hourly rate of $512.82); *Scharlatt v. Astrue*, 2008 U.S. Dist. LEXIS 97374, at *12 (N.D. Cal. November 21, 2008) (finding $450/hr reasonable); *King v. Cigna Corp.*, 2007 U.S. Dist. LEXIS 94644, at *11 (N.D. Cal. December 13, 2007) (finding rates of $450, $425 and $400 per hour reasonable); *Hearn v. Barnhart*, 262 F. Supp. 2d 1033 (N.D. Cal. 2003) (in 2003, approving hourly rate of $450).

### 2. The Number of Hours Class Counsel Worked is Reasonable

The number of hours worked is also reasonable. All three firms made every effort to prevent the duplication of work or inefficiencies that might have resulted from having multiple firms working on the case.

The work Class Counsel did was meaningful. Class Counsel: (1) investigated and filed the action; (2) corresponded and conferred with opposing counsel regarding informal discovery; (3) attended the June 15, 2011 mediation; (4) crafted a Settlement after extensive investigation and arm's-length negotiations; and (5) moved for preliminary approval of the Settlement. Preliminary Approval Declaration, ¶¶ 1-6. Additionally, Class Counsel's responsibilities and work will continue throughout final approval by the Court. Class Counsel will remain available to answer any Class Member inquiries and to work to remedy any issues that may arise with respect to this settlement. Based on prior experience, this ongoing work may well add hundreds of hours of work by Class Counsel and their staff, considering the four million class members.

Not only have the hours that Class Counsel put into this case to date been reasonable and necessary, but they also served the public good by providing substantial relief to millions of class members. Class Counsel's efforts have succeeded in serving important public purposes and in compensating the Class for the damages it suffered. Thus, Class Counsel respectfully submits that this Court should find that all of the hours Class Counsel spent in this action were reasonably incurred.[2]

### C.   A Modest Multiplier is Warranted

In this case, the requested fee amount of $500,000 includes both attorneys' fees and costs. Of the requested $500,000 total, $22,252.47 is for reimbursement of costs, leaving $477,747.53 for attorneys' fees. Kirk Decl., ¶ 4; Bakhtiari Decl., ¶ 4; Berry Decl., ¶ 4  Class Counsel's total hours are 616.45 and total lodestar is $262,478.50. Kirk Decl., ¶ 3; Bakhtiari Decl., ¶ 3; Berry Decl., ¶ 3. Thus, the requested fee award reflects a modest multiplier of 1.82 on Class Counsel's current

---

[2] Class Counsel have omitted their time spent on drafting, researching, and preparing this Motion.

lodestar.[3] The modest lodestar is especially so given Class Counsel will continue to expend time on this case from now until well after Final Approval.

Consideration of the relevant enhancement factors demonstrates that the modest multiplier requested here is reasonable and warranted.

### 1. **The Results Achieved**

The Settlement provides significant relief for all affected Class members. As alleged in Named Plaintiff's Complaint, Schwab's IRA Agreement takes a security interest in the IRA owner's non-IRA assets and requires that IRA owners personally guarantee and be liable for any losses generated in the IRA account. Complaint, ¶¶ 9, 15. Named Plaintiff alleges these provisions cause the IRA to engage in a "prohibited transaction" as defined in 26 U.S.C. § 4975 and, thus, lose their tax exempt status under 26 U.S.C. § 408(e)(2)(A).

While the tax ramifications alone are enormous there are additional non-tax considerations as well. "Qualified" IRAs are typically considered exempt from the claims of creditors as well as exempt for purposes of bankruptcy. If a creditor or a bankruptcy trustee demonstrates that the IRA has been distributed, the IRA owner could lose the entire value of an account they thought was protected. This would be especially painful as the IRA owner would not even have the "IRA" asset with which to pay any taxes due on the distribution.

Similarly, the uncertainty regarding one's retirement account would have dramatic effects for estate planning purposes as well. If the estate plan called for one set of beneficiaries to receive the IRA assets, and another set of beneficiaries to receive the residual of the estate, the parties receiving the residual could receive a windfall if they could show the "IRA" had been disqualified due to poorly drafted account language.

As a part of this settlement, Schwab has agreed to delete the offending provisions and make retroactive amendments to the IRA agreements. This result is likely what Class Members would

---

[3] The lodestar multiplier was figured by first subtracting the $22,252.47 in expenses from the requested Attorney Fee and Expense Award of $500,000 and then dividing that number ($477,747.53) by Class Counsel's lodestar.

have been entitled to if Named Plaintiff proceeded and was victorious at trial and through any appeals. *See* Named Plaintiff's Supplemental Brief in Support of Motion for Preliminary Approval, pg. 4. Courts have long recognized that the result obtained by Class Counsel is a factor in considering an enhanced lodestar multiplier. *See Kerr*, 526 F.2d at 70 (considering the results obtained in fee requests); s*ee also Thayer v. Wells Fargo Bank*, 92 Cal. App. 4th 819, 838 (2001)("The results obtained factor can properly be used to enhance a lodestar calculation where an exceptional effort produced an exceptional benefit..….. high-quality work may produce greater results in less time than would work of average quality, thus justifying a multiplier.")(internal quotations and citations omitted)

Class Counsel achieved this outstanding result in a relatively expeditious manner, without the delay, expense and risk of trial, which is paramount in a case such as this where the tax characterization of $384 billion is at issue and supports a lodestar multiplier. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, n. 5 (9th Cir. 2002) ("in many instances, it may be a relevant circumstance that counsel achieved a timely result for class members in need of immediate relief."); *Arenson v. Board of Trade of City of Chicago*, 372 F. Supp. 1349, 1358 (N.D. Ill. 1974) (noting potential for far greater lodestar absent settlement, thereby justifying a lodestar multiplier of four); *Lealao v. Beneficial California, Inc.*, 82 Cal. App. 4th 19, 52-53 (Cal. App. 1st 2000) (In calculating an appropriate fee, "counsel should be rewarded, not punished" for helping to obtain a prompt settlement without running up lodestar through needless litigation.).

Here, the timely relief obtained is exactly what would have been achieved had Named Plaintiff continued with the litigation, proceeded to trial, and prevailed in court and throughout any appeals. Thus, the outstanding results achieved by Class Counsel here fully justify the requested lodestar multiplier.

### 2. The Novelty and Difficulty of the Questions Involved

This case involved technical tax issues, which were largely novel and untested, particularly in a class action. While Named Plaintiff believes her theories are viable, the outcome of a motion to dismiss, summary judgment proceedings, class certification, trial, and any appeals is not assured.

These novel and difficult questions involved weigh in favor of a lodestar multiplier.

### 3. Whether the Fee is Contingent

Class Counsel undertook this class action on a purely contingent basis, with no assurance of recovering expenses or attorneys' fees. Nevertheless, Class Counsel spent significant time and resources to prosecute the case successfully on behalf of the Class, and will continue to represent the Class throughout the entire process. Counsel's willingness to take this risk weighs in favor of a multiplier on lodestar. *See Fischel v. Equitable Life Assur. Soc'y of the United States*, 307 F.3d 997, 1008 (9th Cir. 2002)("It is an established practice in the private legal market to reward attorneys for taking the risk of non-payment by paying them a premium over their normal hourly rates for winning contingency cases.").

### 4. The Experience, Reputation and Ability of the Attorneys

The reputation, experience, and ability of Class Counsel were essential to success in this litigation. As noted in the declarations submitted herewith, Class Counsel have substantial experience in consumer class action litigation, securities litigation, and tax matters. (Exhibit A to Kirk Decl.; Exhibit A to Bakhtiari Decl.; Exhibit A to Berry Decl.) Class Counsel's skills in bringing Schwab and its sophisticated counsel to settlement were essential to achieving this Settlement. Class Counsel's history of aggressive, successful prosecution of consumer class actions made credible their commitment to pursue this litigation until Schwab provided a fair result for the Class members. Through their skill, reputation, and ability, Class Counsel was able to obtain a settlement that provides an outstanding result for Class members.

### 5. The Multiplier Requested Is Below The Range Normally Applied In This District

The 1.82 multiplier requested fits squarely within the multipliers typically awarded to successful class counsel. As Judge LaPorte recently indicated in *Hopson v. Hanesbrands Inc.,* 2009 U.S. Dist. LEXIS 33900, 36 (N.D. Cal. Apr. 3, 2009), the Ninth Circuit has previously noted that acceptable multipliers have ranged from "0.6-19.6 with most from 1.0-4.0 and a bare majority in the 1.5-3.0 range", citing *Vizcaino v. Microsoft Corp.,* 290 F.3d 1043, 1051, n.6 (9th Cir. 2002).

Named Plaintiff's Motion for Attorney Fees and Incentive Award      Case No. 11-1625 EMC

### D. Class Counsel's Request For Reimbursement Of Costs Is Also Reasonable

"Reasonable costs and expenses incurred by an attorney who creates or preserves a common fund are reimbursed proportionately by those class members who benefit from the settlement." *In re Media Vision Tech. Sec. Litig.*, 913 F. Supp. 1362, 1366 (N.D. Cal. 1996) (*citing Mills v. Electric Auto-Lite Co.*, 396 U.S. 375, 391-392 (1970)); *see also Staton* 327 F.3d at 974. The requested costs must be relevant to the litigation and reasonable in amount. *In re Media Vision*, 913 F. Supp. at 1366.

Throughout the course of this litigation, Class Counsel had to incur unreimbursed, out-of-pocket costs totaling $22,252.47. Declarations of Kirk ¶ 4; Bakhtiari ¶ 4; and Berry ¶ 4. These costs included: (1) filing fees; (2) copying, mailing, faxing and serving documents; (3) conducting computer research; (4) fees for the mediator; and (5) travel. Class Counsel put forward these significant out-of-pocket costs without assurance that they would ever be repaid. The expenses incurred were necessary to secure the resolution of this litigation. *See In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1177-78 (S.D. Cal. 2007) (finding that costs such as filing fees, photocopy costs, travel expenses, postage, telephone and fax costs, computerized legal research fees, and mediation expenses are relevant and necessary expenses in a class action litigation).

The proposed class notice will inform Class Members that Class Counsel will seek a combined award of fees and costs of $500,000. In light of the expenses Class Counsel incurred to bring this case to settlement, Class Counsel's request for a total award of $500,000, inclusive of costs, is reasonable.

### III. A SERVICE AWARD TO THE NAMED PLAINTIFF IS APPROPRIATE

Named Plaintiff requests a service award of $5,000, which Schwab has agreed to not oppose. Incentive awards are routinely approved in class actions to "encourage socially beneficial litigation by compensating named plaintiffs for their expenses on travel and other incidental costs, as well as their personal time spent advancing the litigation on behalf of the class and for any personal risk they undertook." *Jones v. Dominion Res. Servs.*, 601 F. Supp. 2d 756, 767 (S.D. W. Va. 2009). In *Staton*, the Ninth Circuit recognized that "named plaintiffs . . . are eligible for reasonable incentive

payments." *Staton*, 327 F.3d at 977. Under *Staton*, such awards should be evaluated using "relevant factors, includ[ing] the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefited from those actions, . . . the amount of time and effort the plaintiff expended in pursuing the litigation . . . and reasonabl[e] fear[s] of workplace retaliation." *Id.*

Named Plaintiff brought this suit on behalf of herself and all other similarly situated, which informal discovery determined to be over four million people. The relief obtained in the case is precisely the relief that Class Members would have obtained had the case proceeded past summary judgment, class certification and trial. While Named Plaintiff does not stand to gain anything greater than any other class member from this litigation, she has certainly conferred a significant benefit on millions of class members and the litigation would not have continued but for Named Plaintiff's efforts.

Although Named Plaintiff did not spend large amounts of time to the litigation because of the early settlement, "due consideration must be given to the fact that [she was] and ready to go to trial." *Stuart v. RadioShack Corp.,* 2010 U.S. Dist. LEXIS 92067, at * 21 (N.D. Cal. 2010). Additionally, an incentive award of $5,000 is significantly lower than incentive awards in other cases and well within the "range of reasonableness." *See Barcia v. Contain-A-Way, Inc.,* 2009 U.S. District LEXIS 17118, 18-19 (S.D. Cal. March 6, 2009) (holding $25,000 incentive award to be "well within the currently accepted range"); *Van Vraken v. Atlantic Richfield Co.*, 901 F. Supp. 294, 299-300 (N.D. Cal. 1995) (granting incentive award of $50,000); *Glass v. UBS Fin. Servs.*, 2007 U.S. Dist. LEXIS 8476, at *51-*52 (N.D. Cal. Jan. 27 2007) (awarding $25,000 service award in FLSA overtime wages class action); *Louie v. Kaiser Found. Health Plan, Inc.*, 2008 U.S. Dist. LEXIS 78314 (S.D. Cal. Oct. 6, 2008) ($25,000); and *Singer v. Becton Dickinson & Co.* 2009 U.S. Dist. LEXIS 114547, 25-26 (S.D. Cal. Dec. 9, 2009) (approving incentive award of $25,000). Thus, the requested $5,000 is reasonable and should be approved.

/

/

/

## IV. CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that this Court grant Plaintiff's unopposed request for attorneys' fees and costs of $500,000, and award the requested class representative incentive payment of $5,000.

Dated:  September 16, 2011  Respectfully submitted,

/s/  T. John Kirk
MADDOX HARGETT & CARUSO, P.C.
Thomas K. Caldwell
tkcaldwell@mhclaw.com (*Pro Hac Vice*)
10100 Lantern Rd.
Suite 150
Fishers, IN 46037
Telephone: (317) 598-2040
Telecopier: (317) 598-2050

Barbara Quinn Smith
bqsmith@mhclaw.com (*Pro Hac Vice*)
MADDOX HARGETT & CARUSO, P.C.
9930 Johnnycake Ridge Road
Suite 3F
Mentor, OH 44060
Telephone: (440) 354-4010
Telecopier: (440) 848-8175

Ryan Bakhtiari (SBN 199147)
rbakhtiari@aol.com
AIDIKOFF, UHL & BAKHTIARI
9454 Wilshire Boulevard, Suite 303
Beverly Hills, CA 90212
Telephone:  (310) 274-0666
Telecopier:  (310) 859-0513

Tim Berry (*Pro Hac Vice*)
tim@iraideas.com
TIM BERRY P.C.
11812 E. Toledo
Gilbert, AZ 85295
Telephone:  (602) 652-2875

Attorneys for Plaintiff and the Proposed Class