UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOY YOSHIOKA, | No. CV 11 1625 EMC |
| Individually and on behalf of all others similarly situated, | CLASS ACTION |
| Plaintiff, | [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE |
| v. | |
| THE CHARLES SCHWAB CORPORATION, SCHWAB HOLDINGS, INC. and CHARLES SCHWAB & CO., INC., | |
| Defendants. | |

1    This matter came before the Court for hearing pursuant to an Order of this Court, dated November 22, 2011, on the application of the Settling Parties for approval of the Settlement set forth in the Stipulation of Settlement, including the Exhibits attached thereto, dated as of July 25, 2011, and revised as of September 8, 2011 (the "Stipulation"). Due and adequate notice having been given of the Settlement as required in said Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Settlement Class.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby certifies, for purposes of effectuating this Settlement, a Settlement Class of all Persons who currently hold or formerly held a Schwab IRA account at any time from January 1, 2005 to the date of Final Judgment. Excluded from the Settlement Class are Defendants and any entity in which any Defendant has or had a controlling interest or that is a parent or subsidiary or is controlled by any Defendant.

4. With respect to the Settlement Class, this Court finds for purposes of effectuating this Settlement that (a) the Members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Litigation is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Plaintiff are typical of the claims of the Settlement Class; (d) the Plaintiff and Plaintiff's Counsel fairly and adequately represent and protect, and have fairly and adequately represented and protected, the interests of all of the Settlement Class Members; (e) adjudications with respect to individual class members would, as a practical matter, be dispositive of the interests of other members not party to the individual adjudications and would substantially impair or impede their ability to protect their interests; and (f) the Defendants have acted on grounds that apply generally to

the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

5. The Litigation and all claims contained therein, including all of the Released Claims, are dismissed with prejudice as to the Plaintiff and the other Members of the Settlement Class, and as against each and all of the Released Parties. The parties are to bear their own costs, except as otherwise expressly provided in the Stipulation.

6. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, reasonable and adequate to, and is in the best interest of, the Plaintiff and each of the Settlement Class Members. This Court further finds the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Plaintiff, Settlement Class Members and the Defendants. Accordingly, the Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with its terms and provisions. The Settling Parties are hereby directed to perform the terms of the Stipulation.

7. Upon the Effective Date, Plaintiff and each of the Settlement Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Parties. The Settling Parties acknowledge and the Settlement Class Members shall be deemed by operation of law to acknowledge, that the waiver of Unknown Claims, and of the provisions, rights and benefits of Section 1542 of the California Civil Code, was bargained for and is a key element of the Settlement of which the release in this paragraph is a part.

8. Upon the Effective Date, the Plaintiff and all Settlement Class Members and anyone claiming through or on behalf of any of them, are forever barred and enjoined from filing, commencing, instituting, maintaining or prosecuting any claim, complaint, action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting against any of the Released Parties, and each of them, any of the Released Claims.

9. Upon the Effective Date, the Court finds that the amendment to be made by Schwab to the IRA Account Agreement and related agreements, as set forth in Paragraph 2 of the Stipulation, are hereby deemed amendments to such agreements from the time each Plaintiff and Settlement Class Member entered into such account agreements with Schwab. Furthermore, any language in the Account Agreements or related agreements during the Class Period that may conflict or be inconsistent with the Plan, including without limitation to Sections 5.2 or 5.8 of the Plan, or Sections 408 or 4975 of the internal Revenue Code, and the regulations thereunder, shall be deemed void *ab initio*.

10. The distribution of the Revised Notice of Pendency and Proposed Settlement of Class Action as provided for in the Order Preliminarily Approving Settlement and Providing for Notice constituted the best notice practicable under the circumstances, including individual notice to all Members of the Settlement Class who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, and any other applicable law.

11. Any Fee and Expense Award to Plaintiff's Counsel or incentive fee to Plaintiff shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

12. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any Defendant in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Defendants and their Related Parties may file the Stipulation and/or this Judgment in any other action that may be brought against them in

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE – 3:11-CV-1625 EMC

-3-

1  order to support a defense or counterclaim based on principles of *res judicata*, collateral
2  estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of
3  claim preclusion or issue preclusion or similar defense or counterclaim.

4      13.   Without affecting the finality of this Judgment in any way, this Court hereby
5  retains continuing jurisdiction over:  (a) implementation of this Settlement; (b) hearing and
6  determining an application by Plaintiff's Counsel for attorneys' fees and expenses in the
7  Litigation not to exceed $500,000; (c) hearing and determining an application by Plaintiff's
8  Counsel for an incentive fee for Plaintiff in the Litigation not to exceed $5,000; and (d) all
9  Settling Parties for the purpose of construing, enforcing and administering the Stipulation.

10      14.   In the event that the Settlement does not become effective in accordance with the
11  terms of the Stipulation or the Effective Date does not occur, then this Judgment shall be
12  rendered null and void to the extent provided by and in accordance with the Stipulation and,
13  in such event, all orders entered and releases delivered in connection herewith shall be null
14  and void to the extent provided by and in accordance with the Stipulation.

16  Dated: _____, 2011

17                                                                                      THE HONORABLE EDWARD M. CHEN
18                                                                                       UNITED STATES DISTRICT JUDGE