UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOY YOSHIOKA,

    Plaintiff,

    v.

CHARLES SCHWAB CORPORATION, *et al.*,

    Defendants.
_____/

No. C-11-1625 EMC

**ORDER DENYING MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING**

The Court has received the attached correspondence from Mr. John F. Jerow, who has objected to the proposed settlement in this matter. Although not filed, the Court treats Mr. Jerow's correspondence–which objects to his inability to respond to documents filed by Named Plaintiff and Class Counsel in support of the motion for final approval of the settlement–as a motion for leave to file supplemental briefing. Such leave is DENIED. The Court has already received Mr. Jerow's timely objection, Docket No. 84, which will be considered along with other class members' objections to the proposed settlement.

    IT IS SO ORDERED.

Dated: December 12, 2011

                                                          EDWARD M. CHEN
                                                          United States District Judge

cc: John F. Jerow (e-mailed)

From:     JohnFJ@aol.com
To:       Betty_P_Lee@cand.uscourts.gov, Sheila_Rash@cand.uscourts.gov, emcpo@cand.uscourts.gov
Cc:       bqsmith@mhclaw.com
Date:     12/12/2011 02:47 PM
Subject:  Re: Case No. CV 11 1625 EMC (Yoshioka versus Schwab et al.)

Ms. Lee, thank you for your response.

The material I make reference to is three separate documents received today, as follows:
    1. "Notice of Motion and Motion for Final Approval of Proposed Class Action Settlement; Memorandum in Support of Motion"; thirty-one (31) pages written by Barbara Quinn Smith of Maddox Hargett & Caruso, PC. Attached to the thirty-one (31) pages is a five (5) page "[Proposed] Final Judgment and Order of Dismissal with Prejudice."

    2. "Declaration of Barbara Quinn Smith in Support of Named Plaintiff's Motion for Final Approval"; two (2) pages written by Barbara Quinn Smith of Maddox Hargett & Caruso, PC. Attached to the two (2) pages is a seventeen (1) page Memorandum Decision from the United States Bankruptcy Court for the Eastern District of Tennessee; plus a five (5) page "Decision and Order on Creditor's Motion for Relief from Stay" related to a case in the United States Bankruptcy Court for the Eastern District of New York.

    3. "Supplement to Memorandum in Support of Motion for Attorneys' Fees and Incentive Award"; five (5) pages written T. John Kirk of Maddox Hargett & Caruso, PC. Attached to this "Supplement to Memorandum . . ." are three (3) separate "Declarations . . ." by three (3) separate Maddox Hargett & Caruso, PC attorneys.

<u>These are the document which I referenced in my e-mail as having seen them for the first time today.</u> Presumably the court should have these documents on file. Further, when I came home this afternoon, I received another USPS Notice about another Certified Letter from "Caruso," presumably from the firm of Maddox Hargett & Caruso, PC. Obviously, I will not see these documents until tomorrow.

**<u>My objection rests with the inadequate amount of time for me (and perhaps others) to read, understand, and comment on the statements of the attorneys. I do not feel my the attorney (assigned to me by the Court) characterized my objections to the Court, Document 1 referred to above, page 29, number 28, in a complete and accurate way. I am asking for time to make a response to the court before a final decision is rendered.</u>**

The court is going to do what the court wants to do. But as a plaintiff, I should have a reasonable period of time to comment on the attorneys' filings with the court, especially when my opinion is my comments have not been characterized to the Court correctly, and this is NOT happening.

I realize this is not something you control, but if, despite my objections to this Settlement, the Court decides to approve the Settlement, perhaps the Settlement could be "sweetened" in its protections for the plaintiffs/clients of Schwab by ordering Schwab as part of the Settlement to send to each plaintiff/client a notarized affidavit of behalf of the Board of Directors of Schwab that states <u>unequivocally</u> each of the Schwab IRA documents were in compliance with the regulations of the Internal Revenue Service and that in no way did the documentation or actions of Schwab jeopardize the tax status of plaintiff's/client's IRA account with Schwab. This is consistent with later representations of the attorneys. The plaintiffs get some assurances, Schwab gets its Settlement, the attorneys get their fees, and everybody lives.

Respectively submitted,
John Jerow
Randolph, NJ

In a message dated 12/12/2011 2:46:07 P.M. Eastern Standard Time, Betty_P_Lee@cand.uscourts.gov writes:

Mr. Jerow:

The Court is not clear as to what material you're referring to. The class does not have an opportunity to respond to the motion for class settlement, because everyone already had the opportunity to object. The parties' responses were part of the schedule already set by the Court, and would not mandate re-setting the hearing. FYI, your previous objection to the settlement has already been received by the Court and will be considered.

Betty P. Lee
Courtroom Deputy to District Judge Edward M. Chen
United States District Court
450 Golden Gate Avenue, 16th Floor
San Francisco, CA 94102
Tel. No. (415) 522-2034

From: JohnFJ@aol.com
To: Betty_P_Lee@cand.uscourts.gov, Sheila_Rash@cand.uscourts.gov, EMCpo@cand.uscourts.gov
Cc: bqsmith@mhclaw.com
Date: 12/12/2011 10:40 AM
Subject: Case No. CV 11 1625 EMC (Yoshioka versus Schwab et al.)

Re: Case No.  CV 11 1625 EMC
              Yoshioka versus Schwab et al.

I received a package of material today (December 12, 2011) from the firm of Maddox Hargett & Caruso, PC. While the United States Postal Service (USPS) says they attempted delivery on December 3, 2011, this is not correct. My first notice to pick-up this material from the USPS was a notice delivered on Saturday, December 10, 2011, and dated Thursday, December 8, 2011. Separately, I have written the USPS regarding poor mail service to my address on this delivery and other deliveries.

Notwithstanding my getting this material today, in fairness to all participants, hearings should not be scheduled until thirty (30) days after an attorney posts something to the objectors. The objectors, who are mostly individuals, do not have staffs to review and draft responses. After mailing, and allowing a couple days for "normal" USPS delivery, the USPS holds Certified Mail for fifteen (15) days before returning to the sender. If you allow ten (10) days for review and response beyond that, there should be, at a minimum, thirty (30) days for the objectors to response to anything sent to them by the attorneys.

There seems to be a rush to settle this case despite serious and material concerns about fairness to the class. I am especially disappointed in Ms. Barbara Quinn Smith, who represents me and the other class members. She was dismissive of virtually all

the concerns of the objectors, her clients.

This case is serious flawed, in my opinion, and should be rejected and I so written to the court in two prior letters. But even if the court is so inclined to approve this settlement, they should at a very minimum delay the hearing until no earlier than December 30, 2011. My right to object should not be diminished because of the failings of the USPS.

Since no harm has supposedly been inflicted onto the plaintiffs as claimed by both the defendant's and plaintiff's attorneys, and since the sole remedy is for the defendant Schwab to rewrite its IRA Agreement, a delay in the final approval will not cause the earth to stop rotating. The most serious "ramification," if the court ill-advisedly decides to approve this settlement, is the attorneys will not collect their legal fees in time for Holiday bonuses.

This settlement benefits Schwab and the attorneys without any material benefit to the plaintiffs, and the attorneys can write pages-and-pages of legal stuff, and nothing will negate this economic fact!

Respectively submitted,
John F. Jerow
Randolph, NJ
(Address and Account Data on file)